IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS EUGENE MOORE, ) | No. C 06-2150 SBA (PR) |
| ) | |
| Plaintiff, ) | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| ) | |
| v. ) | |
| ) | |
| BROWN & WILLIAMSON TOBACCO, ) CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## INTRODUCTION

Plaintiff Thomas Eugene Moore, a state prisoner currently incarcerated at Pelican Bay State Prison, filed this civil action in the Monterey County Superior Court, <u>Moore v. Brown & Williamson Tobacco, Corp., et al.</u>, Case No. M76478, alleging various claims, including civil rights violations, arising from Plaintiff's use of tobacco products while incarcerated at Salinas Valley State Prison (SVSP) from June 19, 2001 to July 1, 2005. Plaintiff named as Defendants the following corporations: Lane Limited (LL) and Brown & Williamson Tobacco Corporation (B&W), the alleged tobacco manufacturers; as well as Access SecurePak (Access), the alleged retailer of the tobacco products Plaintiff used. Plaintiff has also named as Defendants various prison officials, who purportedly participated in the supply of tobacco and the denial of Plaintiff's administrative claims, including: SVSP Warden Mike Evans; SVSP Canteen Manager E. Beza; SVSP Procurement Services Officer B. Schneider; SVSP Chief of Inmate Appeals N. Grannis; SVSP Appeals Coordinator S. Gomez; SVSP Correctional Lieutenant C. Blackstone; SVSP Physicians I. Grillo and R. Gibbs; and California Department of Corrections and Rehabilitation (CDCR) Director Jeanne Woodford.

On March 23, 2006, Defendant Evans removed this case to federal court on the ground that Plaintiff alleged a violation of his civil rights under federal law. On June 21, 2006, Defendants B&W and LL filed a motion to dismiss for insufficiency of process and service of process pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5). On September 15, 2006, Defendant Access

moved for dismissal on the same grounds. Plaintiff opposed the motions. On March 30, 2007, the Court denied the motions to dismiss filed by Defendants LL, B&W and Access. On March 26, 2008, the Court granted Plaintiff's motion for leave to amend and motion for the Court to screen the amended complaint under 28 U.S.C. § 1915A.

## BACKGROUND

The following allegations are taken from Plaintiff's amended complaint:

Defendants B&W, LL, and Access provided tobacco products and failed to provide warning labels to inform Plaintiff of the risk of addiction to smoking tobacco. Defendants B&W, LL, Access, Woodford, Evans, Beza and Schneider "provided and/or sold" the tobacco products to him for "financial gain from the Plaintiff's physical and mental addiction to smoking the said Defendants['] tobacco and tobacco products from June 19, 2001 to July 1, 2005 . . . ." (Am. Compl. at 5.)

Defendants Grillo and Gibbs failed to provide him with a "smoking cessation program and/or therapy, or anti-smoking, non-smoking medical therapy, or tobacco patches, or other means to insure a smooth transition to a tobacco-free environment, or to help with the [P]laintiff's tobacco smoking addiction and physical and psychological symptoms of tobacco smoking." (Id. at 10.) Defendants Grillo and Gibbs were deliberately indifferent to Plaintiff's serious medical needs and caused him to suffer "headaches, pain, dizziness, nervousness, depression, insomnia, weight loss, emotional distress and other physical and mental damages." (Id.) He alleges Defendants' inadequate care was the result of a conspiracy based on racial animus. (Id. at 15.)

Defendants Grannis, Blackstone and Gomez denied Plaintiff administrative relief after he filed a 602 inmate appeal relating to the claims in this action. (Id. at 10.)

Plaintiff seeks monetary damages. (Id. at 22.)

## DISCUSSION

### I. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief

from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Accordingly, the Court will screen the amended complaint to determine whether Defendants are required to respond.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Dismissal for failure to state a claim is warranted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1973 (2007). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

## II.     Defendants

### A.     Defendants B&W, LL and Access

#### 1.     Product Liability Claim

Plaintiff seeks monetary relief from Defendants B&W, LL and Access for damages caused from smoking tobacco and tobacco products from June 19, 2001 to July 1, 2005.[1] Plaintiff's complaint fails to state a cognizable claim under 42 U.S.C. § 1983; however, the complaint may be liberally construed as a diversity action properly brought in this Court under 28 U.S.C. § 1332.

In this diversity action, the Court will apply the substantive law of the State of California.

---

[1] Plaintiff also alleges that the named corporate Defendants as well as various prison officials "provided and sold and resold . . . tobacco and tobacco products across state lines . . . in order to make a monetary profit and financial gain from the Plaintiff's [sic] buying and purchasing said defendants [sic] tobacco and tobacco products . . . ." (Am. Compl. at 7.) He alleges that these Defendants' actions violate the federal and state RICO Act Laws of Title U.S.C. § 1959." (Id.) The Court finds that Plaintiff mentions the Racketeer Influenced and Corrupt Organizations (RICO) Act without explaining how it applies. To state a civil RICO claim, plaintiffs must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiff's business or property. Ove v. Gwinn, 264 F.3d 817, 825 (9th Cir. 2001) (citing 18 U.S.C. § 1964(c)). To demonstrate injury for RICO purposes, plaintiffs must show proof of concrete financial loss, and not mere injury to a valuable intangible property interest. Personal injuries are not compensable under RICO. Id. Plaintiffs also must satisfy the RICO causation element by demonstrating that the defendants' conduct directly and proximately caused the alleged injury. Id. at 825. Plaintiff has failed to satisfy any of the aforementioned requirements, thus his RICO claim is without merit. Furthermore, civil rights violations and injury to reputation do not fall within the statutory definition of "racketeering activity" and fail to state a RICO claim. See Bowen v. Oistead, 125 F.3d 800, 806 (9th Cir. 1997).

Motschenbacher v. R.J. Reynolds Tobacco Co., 498 F.2d 821, 823 (9th Cir. 1974).  California Law provides:

> (a) In a product liability action, a manufacturer or seller shall not be liable if both of the following apply:
>
> (1) The product is inherently unsafe and the product is known to be unsafe by the ordinary consumer who consumes the product with the ordinary knowledge common to the community.
>
> (2) The product is a common consumer product intended for personal consumption, such as sugar, castor oil, alcohol, and butter . . . .

Cal. Civ. Code § 1714.45(a).  A "product liability action" is defined as "any action for injury or death caused by a product . . . ."  Id. § 1714.45(c).  However, while these provisions grant nearly complete immunity to retailers of tobacco, they do not grant immunity to manufacturers of tobacco:

> This section does not exempt the manufacture or sale of tobacco products by tobacco manufacturers and their successors in interest from product liability actions, but does exempt the sale or distribution of tobacco products by any other person, including, but not limited to, retailers or distributors.

Id. § 1714.45(b).

Accordingly, Plaintiff's claim against Defendant Access is DISMISSED because he alleges that Defendant Access is a retailer of tobacco and tobacco products.  (Am. Compl. at 4.)  Plaintiff's claim against Defendants B&W and LL is COGNIZABLE because it constitutes a claim for product liability against tobacco manufactures.  However, Plaintiff must show proof of proper service on Defendants B&W and LL before the product liability claim against them can proceed.

**2. Service**

As mentioned above, Defendants B&W and LL have previously moved for dismissal of this action due to insufficiency of process and service of process pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5).

The following background is taken from the Court's March 30, 2007 Order denying the motion to dismiss:

> Defendants [B&W and LL] alleged that on or about May 21, 2006, Plaintiff attempted to serve a state court summons, an incomplete copy of the complaint, and a state court notice of acknowledgment and

4

> receipt on Defendants. They claim that service was made by mailing these documents in envelopes addressed only to . . . "Lane Limited," "Brown & Williamson Tobacco Corp." without specifying any officer, agent or other individual authorized to accept service. Defendants argue that "Plaintiff's method of service does not comply with California law or federal service requirements and is therefore invalid." They further argue that "Plaintiff did not serve a federal summons," that he "provided an incomplete copy of the Complaint," and that "such defects render process insufficient." Therefore, Defendants claim that "[t]he Court should dismiss this action as to Moving Defendants based on the fatal defects in process and service."

(Mar. 30, 2007 Order at 2-3 (citations omitted).)

Defendants B&W and LL claimed that dismissal was appropriate in this action because Plaintiff failed to abide by the appropriate procedures for both the process and the service of process. In its Order dated March 30, 2007, the Court found that Defendants had not been properly served; however, because only a year had passed since this action was removed to federal court, the Court exercised its discretion under Rule 4(m) to extend Plaintiff's time to serve Defendants.[2] Cf. Efaw v. Williams, 473 F.3d 1038, 1040-41 (9th Cir. 2007) (finding that district court abused its discretion in denying motion to dismiss where plaintiff failed to comply with service requirements until more than seven years following filing of complaint).

The Court also noted that Plaintiff had filed an application for in forma pauperis (IFP) status. In cases involving plaintiffs proceeding IFP, the "officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). Therefore, the Court decided to rule on Plaintiff's IFP application under 28 U.S.C. § 1915 in a separate written Order.

The Court will now review Plaintiff's IFP application and revisit the issues of insufficiency of service of process previously-raised by Defendants B&W and LL.

### a. **IFP Application**

The Prison Litigation Reform Act of 1995 (PLRA) was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought

---

[2] Having determined that service of process was insufficient, the Court did not reach a decision on insufficiency of process in its March 30, 2007 Order.

5

an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes. See id. Dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Id.

Andrews requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. Id. Andrews implicitly allows the Court to raise the § 1915(g) problem sua sponte, but requires the Court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. See id. at 1120. A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

A review of the dismissal orders in Plaintiff's prior prisoner actions in this Court reveals that Plaintiff has had at least four such cases dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. In one of Plaintiff's previous actions before this Court, Case No. C 04-0814 SBA (PR), the defendants gave Plaintiff notice that the following dismissals may be counted as dismissals for purposes of § 1915(g): (1) Moore v. McElheney, et al., No. S-01-2003 GEB DAD P (E.D. Cal. Dec. 20, 2001) (civil rights action

6

dismissed for failure to state a claim upon which relief may be granted); (2) <u>Moore v. Twomey</u>, No. S-01-2180 FCD DAD P (E.D. Cal. July 15, 2002) (same); (3) <u>Moore v. County of Sacramento, et al.</u>, No. S-02-0176 FCD PAN P (E.D. Cal. Dec. 16, 2003) (same); and (4) <u>Moore v. Rimmer, et al.</u>, No. S-04-0314 MCE DAD P (E.D. Cal. Dec. 15, 2005) (same). In Case No. C 04-0814 SBA (PR), Plaintiff had the opportunity to respond to the aforementioned dismissals the Court could consider to support a § 1915(g) dismissal. Plaintiff did not dispute that two of his prior lawsuits, Case Nos. S-01-2003 GEB DAD P and S-02-0176 FCD PAN P -- both dismissed for failure to state a claim -- count as "strikes." (Pl.'s Opp'n in Case No. C 04-0814 SBA (PR) at 6-7.) As to Case No. S-01-2180 FCD DAD P, Plaintiff argued that the claim was dismissed "in order for plaintiff to first receive a favorable result in his criminal petition for writ of habeas corpus." (<u>Id.</u> at 6.) However, a review of the magistrate judge's findings and recommendations, which were adopted in full in the district court's Dismissal Order, do not make any mention of such a reason. (Defs.' Mot. to Dismiss in Case No. C 04-0814 SBA (PR), Ex. B.) In fact, the Dismissal Order states, "This action is dismissed without prejudice for failure to state a claim upon which relief can be granted." (<u>Id.</u>) Although this Court has listed four dismissals, only three prior dismissals need qualify under § 1915(g). Therefore, even without considering the fourth case, Case No. S-04-0314 MCE DAD P, Plaintiff's three dismissals in Case Nos. S-01-2003 GEB DAD P, S-02-0176 FCD PAN P and S-01-2180 FCD DAD P may be counted as dismissals for purposes of § 1915(g).

Plaintiff therefore may proceed IFP only if he is seeking relief from a danger of serious physical injury which is "imminent" at the time of filing. <u>See</u> <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); <u>Medberry v. Butler</u>, 185 F.3d 1189, 1192-93 (11th Cir. 1999); <u>Ashley v. Dilworth</u>, 147 F.3d 715, 717 (8th Cir. 1998); <u>Banos v. O'Guin</u>, 144 F.3d 883, 885 (5th Cir. 1998). He is not.

In view of this, Plaintiff's application for <u>in forma pauperis</u> status (docket no. 32) is DENIED.

### b.   **Insufficiency of Service of Process**

Defendants are corporations, and pursuant to the Federal Rules of Civil Procedure, service upon a corporation may be accomplished under either state law, Fed. R. Civ. P. 4(e)(1), or federal law, Fed. R. Civ. P. 4(h). The procedures a plaintiff must follow in order to serve corporate

7

defendants properly are: (1) serve them pursuant to Rule 4(a) and 4(h)(1); (2) request that they waive service of process pursuant to Rule 4(d)(2); (3) serve them according to state service of process rules pursuant to Rule 4(e)(1) and California Code of Civil Procedure §§ 415.40, 412.30, 416.10, and 416.40; or (4) apply for IFP status pursuant to 28 U.S.C. § 1915.

Plaintiff is now responsible for effecting service on Defendants B&W and LL because his IFP application has been denied. Plaintiff must follow the aforementioned procedures in order to serve Defendants B&W and LL properly.

Only Defendants B&W and LL have challenged the sufficiency of service of process. According to the record, Defendant Evans has been served and has filed an answer. The Court notes, however, that Plaintiff has not filed the requisite proof of service as to each of the remaining named Defendants. Therefore, because Plaintiff's IFP application has been denied, Plaintiff must file either proofs of service of these Defendants, a motion seeking additional time to effect service of the Defendants, or a motion to amend any federal summonses served on these Defendants to correct deficiencies in the summonses. Failure to take at least one of these actions as to any of these Defendants will result in dismissal of the claims as to that Defendant. See Fed. R. Civ. P. 4(m). In any event, as mentioned above, the Court will screen the amended complaint to determine whether these Defendants (as well as Defendant Evans) are required to respond.

**B.   Defendants Beza, Schneider, Grillo and Gibbs - Deliberate Indifference to Serious Medical Needs[3]**

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. Id. at 1059. A serious medical need exists if

---

[3] In his amended complaint, Plaintiff's allegations of deliberate indifference to his serious medical needs have been divided into nine different claims. However, the Court finds that Plaintiff's claims are repetitive and all involve alleged medical problems due to tobacco and tobacco products. Therefore, the Court has condensed all his allegations into one claim of deliberate indifference.

8

the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. (citing Estelle, 429 U.S. at 104). A prison employee is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Neither negligence nor gross negligence will constitute deliberate indifference. See Farmer, 511 U.S. at 835-36 (1994); see also Estelle, 429 U.S. at 106 (establishing that deliberate indifference requires more than negligence). A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety. See Farmer, 511 U.S. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. See id. An Eighth Amendment claimant need not show, however, that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm. See id. at 842. This is a question of fact. See Farmer, 511 U.S. at 842. A heightened pleading standard applies to the subjective prong of Eighth Amendment claims: the plaintiff must make nonconclusory allegations supporting an inference of unlawful intent. Alfrey v. United States, 276 F.3d 557, 567-68 (9th Cir. 2002).

Liberally construed, Plaintiff alleges that Defendants Grillo and Gibbs were deliberately indifferent to his serious medical needs by failing to provide medical therapy and treatment for Plaintiff's tobacco smoking addiction from June 19, 2001 to January 1, 2005. (Am. Compl. at 10.) Plaintiff claims that Defendants Grillo and Gibbs failed to provide him the medical treatment necessary for his smoking addiction and caused him to suffer "headaches, pain, dizziness, nervousness, depression, insomnia, weight loss, emotional distress and other physical and mental damages." (Id.) Plaintiff alleges Defendants Beza and Schneider were deliberately indifferent to his serious medical needs by failing to inform Plaintiff that tobacco is addictive and by selling tobacco to

9

Plaintiff "up to July 1, 2005." (Id. at 5-6.)  Plaintiff does not allege that he informed Defendants Beza, Schneider, Grillo and Gibbs of his need for medical treatment due to his tobacco smoking addiction or that they were aware of facts from which the inference could be drawn that a substantial risk of serious harm exists from selling him tobacco products.  Therefore, his allegations fail to show that Defendants Beza, Schneider, Grillo and Gibbs acted with deliberate indifference, an essential element to a deliberate indifference claim.  Accordingly, this claim is DISMISSED with leave to amend to cure this pleading deficiency.

**C.     Defendants Grannis, Blackstone and Gomez - Claims Relating to Grievance Process**

Plaintiff alleges that Defendants Grannis and Blackstone negligently denied the Plaintiff administrative relief.  (Am. Compl. at 10.)  Plaintiff also states that Defendant Gomez "negligently denied the Plaintiff administrative relief by unreasonably returning the . . . 602 grievance appeal to the Plaintiff and precluding the Plaintiff from the Second Level Review."  (Id.)  Although there is a First Amendment right to petition government for redress of grievances, there is no right to a response or any particular action.  See Flick v. Alba, 932 F.2d 728 (8th Cir. 1991) ("prisoner's right to petition the government for redress . . . is not compromised by the prison's refusal to entertain his grievance.").  Plaintiff has therefore failed to state a claim against Defendants Grannis, Blackstone and Gomez.  Accordingly, Plaintiff's claim against Defendants Grannis, Blackstone and Gomez relating to the grievance process is DISMISSED with prejudice.

**D.     Defendants Woodford and Evans - Supervisory Liability Claims**

Plaintiff claims Defendants Woodford, the CDCR director, and Defendant Evans, the SVSP warden, are liable as supervisors.  Plaintiff must allege that Defendants Woodford and Evans "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  He has not made such a claim.  Accordingly, Plaintiff's supervisory liability claims against Defendants Woodford and Evans are DISMISSED with leave to amend to cure this pleading deficiency.

**III.    Conspiracy/Racial Animus Claim**

Plaintiff alleges that his inadequate care by Defendants was the result of a conspiracy based on racial animus.  The Court liberally construes this as a claim under the Equal Protection Clause of the

10

1  Fourteenth Amendment.  "Prisoners are protected under the Equal Protection Clause of the Fourteenth
2  Amendment from invidious discrimination based on race."  <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556
3  (1974) (citation omitted).  A claim of racial discrimination under the Equal Protection Clause requires
4  demonstration of discriminatory intent.  <u>Washington v. Davis</u>, 426 U.S. 229, 239-40 (1976).

5       Although Plaintiff is not required to plead his evidence "or specific factual details not
6  ascertainable in advance of discovery," <u>Gibson v. United States</u>, 781 F.2d 1334, 1340 (9th Cir. 1986),
7  <u>cert.</u> <u>denied</u>, 479 U.S. 1054 (1987), a pleading will not be sufficient to state a claim under § 1983 if
8  the allegations are mere conclusions, <u>see</u> <u>Kennedy v. H & M Landing, Inc.</u>, 529 F.2d 987, 989 (9th
9  Cir. 1976); <u>Fisher v. Flynn</u>, 598 F.2d 663, 665 (1st Cir. 1979).  A complaint that fails to state the
10 specific acts of the defendant which violated the plaintiff's rights fails to meet the requirements of
11 Rule 8(a)(2) of the Federal Rules of Civil Procedure.  <u>See</u> <u>Hutchinson v. United States</u>, 677 F.2d
12 1322, 1328 n.5 (9th Cir. 1982).

13      Here, Plaintiff makes the conclusory allegation that the named Defendants acted because of a
14 conspiracy based on racial animus.  However he has presented no facts from which such a conclusion
15 might be drawn.  Accordingly, he has failed to present a cognizable claim for relief.  Therefore,
16 Plaintiff's equal protection claim is DISMISSED with leave to amend.  If Plaintiff can in good faith
17 assert facts which support an equal protection claim against the named Defendants, he may amend his
18 claim to cure this pleading deficiency.

19 **IV.     State Law Claims**

20      In addition to the federal claims discussed above, Plaintiff asserts state law claims against
21 Defendants.  Because his state law claims arise out of the same acts and events giving rise to his
22 federal claims, the Court will exercise supplemental jurisdiction over the claims.  <u>See</u> 28 U.S.C.
23 § 1367(a).

24      Plaintiff alleges that he is entitled to relief under California state law for Defendants' actions.
25 He asserts supplementary state law claims that the named Defendants' actions constituted general
26 negligence, intentional torts, intentional infliction of emotional distress, medical negligence,
27 conspiracy, intentional fraud, and intentional misrepresentation.  For reasons of judicial economy,
28 however, review and service of these claims will be held until Plaintiff files an amended complaint, as

directed above. If Plaintiff fails to timely amend his complaint or if the amended claims are dismissed after review, these state law claims will be remanded back to state court.

### V.    **Pleading Requirements**

Because Plaintiff has not been following proper pleading requirements, all future pleadings submitted by Plaintiff to the Court shall comply with the following provisions of Rules 3-4(c)(2)-(3), and 7-4(a)(2)-(5), (b), of the Northern District of California Civil Local Rules:

> Rule 3-4. Papers Presented for Filing.
>
> (c) General Requirements.
>
> (2) Written Text. Text must appear on one side only and must be double-spaced with no more than 28 lines per page, except for the identification of counsel, title of the case, footnotes and quotations. Typewritten text may be no less than standard pica or 12-point type in the Courier font or equivalent, spaced 10 characters per horizontal inch. Printed text, produced on a word processor or other computer, may be proportionally spaced, provided the type may not be smaller than 12-point standard font (e.g., Times New Roman). The text of footnotes and quotations must also conform to these font requirements.
>
> (3) Identification of Paper. Except for exhibits, each paper filed with the Court must bear a footer on the lower margin of each page stating the title of the paper (e.g., "Complaint," "Defendant's Motion for Summary Judgment," etc.) or some clear and concise abbreviation. Once the Court assigns a case number to the action that case number must be included in the footer.
>
> Rule 7-4. Brief or Memorandum of Points and Authorities.
>
> (a) Content. In addition to complying with the applicable provisions of Civil L.R. 3-4, a brief or memorandum of points and authorities filed in support, opposition or reply to a motion must contain:
>
> \*\*\*
>
> (2) If in excess of 10 pages, a table of contents and a table of authorities;
>
> (3) A statement of the issues to be decided;
>
> (4) A succinct statement of the relevant facts; and
>
> (5) Argument by the party, citing pertinent authorities.
>
> (b) Length. Unless the Court expressly orders otherwise pursuant to a party's request made prior to the due date, briefs or memoranda filed with opposition papers may not exceed 25 pages of text and the reply brief or memorandum may not exceed 15 pages of text.

Civil L.R. 3-4(c)(2)-(3), 7-4(a)(2)-(5), (b).

     Any pleadings which do not meet these requirements and for which prior permission to exceed the page limits has not been sought shall be returned to Plaintiff without being filed.

### **CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's application for <u>in forma pauperis</u> status (docket no. 32) is DENIED.

2. Plaintiff's claim against Defendant Access is DISMISSED because he alleges that Defendant Access is a retailer.

3. Plaintiff's claim against Defendants B&W and LL is COGNIZABLE because it constitutes a claim for product liability against tobacco manufactures.

4. Plaintiff's claim against Defendants Beza, Schneider, Grillo and Gibbs relating to deliberate indifference to serious medical needs is DISMISSED with leave to amend.

5. Plaintiff's supervisory liability claim against Defendants Woodford and Evans is DISMISSED with leave to amend.

6. Plaintiff's claim against Defendants Grannis, Blackstone and Gomez relating to the grievance process is DISMISSED with prejudice.

7. Plaintiff's equal protection claim is DISMISSED with leave to amend.

8. The Court asserts SUPPLEMENTAL JURISDICTION over Plaintiff's state law claims. For reasons of judicial economy, however, review and service of these claims will be held until Plaintiff files an amended complaint.

9. Plaintiff's deliberate indifference, supervisory liability and equal protection claims are DISMISSED with leave to amend. Within **thirty (30) days** of the date of this Order Plaintiff may file amended deliberate indifference, supervisory liability and equal protection claims to correct the noted pleading deficiencies with respect to these claims as set forth above. Plaintiff shall resubmit <u>only</u> his deliberate indifference, supervisory liability and equal protection claims. In his amended complaint, Plaintiff must also link the specific Defendants named to his deliberate indifference, supervisory liability and equal protection claims by explaining what that Defendant did that caused a violation of Plaintiff's constitutional rights. <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be

13

imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right). As mentioned above, if Plaintiff intends to sue a Defendant based on supervisory liability, he must allege that the Defendant, as a supervisor, "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045.

10. Plaintiff must clearly label the document an "Amended Complaint," and write in the case number for this action, Case No. C 06-2150 SBA (PR). The failure to do so within the thirty-day deadline will result in the dismissal of Plaintiff's deliberate indifference and supervisory liability claims for failure to state a cognizable claim for relief and for failure to exhaust available administrative remedies.

11. No later than **thirty (30) days** of the date of this order, Plaintiff is directed to re-serve Defendants B&W and LL with a copy of a properly issued federal summons on which the signature and seal of the Clerk of the Court, and the name of the issuing court, are visible and a copy of his original complaint as directed above, i.e., (1) pursuant to the Federal Rules of Civil Procedure, (2) by requesting waiver of service of process pursuant to Federal Rule of Civil Procedure 4(d)(2) or (3) according to state service of process rules. Failure to take at least one of these actions as to Defendants B&W and LL will result in dismissal of the claims as to each Defendant. See Fed. R. Civ. P. 4(m).

No later than **thirty (30) days** from the date of this Order, Plaintiff must file either proofs of service of the remaining Defendants (not including Defendant Evans, who has already been served, and Defendants Grannis, Blackstone and Gomez because Plaintiff's claims against them have been dismissed), a motion seeking additional time to effect service of these Defendants, or a motion to amend any federal summonses served on these Defendants to correct deficiencies in the summonses. Failure to take at least one of these actions as to any of these Defendants (again, not including Defendant Evans, Grannis, Blackstone and Gomez) will result in dismissal of the claims as to that Defendant. See Fed. R. Civ. P. 4(m).

12. All communications by Plaintiff with the Court must be served on Defendants, or their

counsel if one has already been designated, by mailing a true copy of the document to Defendants or their counsel.

13. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

14. Because this case has been pending for almost three years, **no further extensions of time will be granted in this case absent exigent circumstances**.  If exigent circumstances exist, the party making a motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time.  The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is issued.  Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: 11/10/08

SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\CR.06\Moore2150.DWLA.frm        15

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOORE et al, | Case Number: CV06-02150 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| BROWN & WILLIAMSON TOBACCO, CORPORATION et al, | |
| Defendant. / | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 12, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Thomas Eugene Moore D-62389
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532

Dated: November 12, 2008

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.06\Moore2150.DWLA.frm        16