IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS EUGENE MOORE, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BROWN & WILLIAMSON TOBACCO, ) <br> CORPORATION, et al., ) <br> ) <br>     Defendants. ) <br> _____ ) | No. C 06-2150 SBA (PR) <br><br> **ORDER (1) GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO EFFECT SERVICE OF SUMMONS AND COMPLAINT ON REMAINING DEFENDANTS AND (2) ADDRESSING PENDING MOTION** <br><br> (Docket nos. 48, 49) |

      Plaintiff Thomas Eugene Moore, a state prisoner currently incarcerated at Pelican Bay State Prison, filed this civil action in the Monterey County Superior Court, <u>Moore v. Brown & Williamson Tobacco, Corp., et al.</u>, Case No. M76478, alleging various claims, including civil rights violations, arising from Plaintiff's use of tobacco products while incarcerated at Salinas Valley State Prison (SVSP) from June 19, 2001 to July 1, 2005. Plaintiff named as Defendants the following corporations: Lane Limited (LL) and Brown & Williamson Tobacco Corporation (B&W), the alleged tobacco manufacturers; as well as Access SecurePak (Access), the alleged retailer of the tobacco products Plaintiff used. Plaintiff has also named as Defendants various prison officials, who purportedly participated in the supply of tobacco and the denial of Plaintiff's administrative claims, including: SVSP Warden Mike Evans; SVSP Canteen Manager E. Beza; SVSP Procurement Services Officer B. Schneider; SVSP Chief of Inmate Appeals N. Grannis; SVSP Appeals Coordinator S. Gomez; SVSP Correctional Lieutenant C. Blackstone; SVSP Physicians I. Grillo and R. Gibbs; and California Department of Corrections and Rehabilitation (CDCR) Director Jeanne Woodford.

      Before the Court are Plaintiff's Motion for Extension of Time to Effect Service of Summons and Complaint on Remaining Defendants (docket no. 48) and his motion requesting the Clerk of the Court to send a copy of a blank federal summons to Plaintiff (docket no. 49).

      In an Order dated November 10, 2008, the Court denied Plaintiff's application for <u>in forma</u>

pauperis status and dismissed the complaint with leave to amend.  The Court dismissed Plaintiff's claim against Defendants Access relating to his use of tobacco products as well as his claims against Defendants Grannis, Blackstone and Gomez relating to the grievance process.  All remaining claims were dismissed with leave to amend.  The Court also found that Plaintiff was responsible for effecting service on Defendants B&W and LL as well as on the remaining prison officials who were named as Defendants because his IFP application had been denied.

In an Order dated November 14, 2008, the Court DENIED Plaintiff's motion requesting the Clerk of the Court to issue summons and the U.S. Marshal to serve the summons and complaint upon Defendants.  The Court directed Plaintiff to follow the procedures to properly serve the aforementioned Defendants outlined in the Court's November 10, 2008 Order.  He must also abide by the deadlines previously set in the Court's November 10, 2008 Order.

Plaintiff now requests an extension up to and including January 12, 2009 in order to serve the summons and complaint upon the remaining Defendants.  Plaintiff claims that he has not received a copy of a "properly issued federal summons on which the signature and seal of the Clerk of the Clerk of the Court and issuing court name are visible upon the summons so that [he is] able to properly serve the remaining defendants in this case." (Mot. for EOT at 1.)  Plaintiff also filed a motion entitled "Plaintiff's Motion to Amend Federal Summons to Serve Process on Remaining Defendants," which the Court will construe as a motion requesting the Clerk to send a copy of a blank federal summons to Plaintiff.

Having read and considered Plaintiff's request and the accompanying declaration filed by Plaintiff, and good cause appearing, IT IS HEREBY ORDERED that Plaintiff's request for an extension of time (docket no. 48) is GRANTED.  The time in which Plaintiff may serve the summons and complaint upon the remaining Defendants will be extended up to and including **January 12, 2009**.  Plaintiff's motion requesting the Clerk to send a copy of the federal summons to Plaintiff (docker no. 49) is GRANTED.  The Clerk is directed to send Plaintiff a copy of a blank federal summons.

Because this case has been pending for almost three years, **no further extensions of time will be granted in this case absent exigent circumstances**.

1    This Order terminates Docket nos. 48 and 49.
2    IT IS SO ORDERED.
3    DATED: 12/4/08

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MOORE et al,

     Plaintiff,

v.

BROWN & WILLIAMSON TOBACCO, CORPORATION et al,

     Defendant.

Case Number: CV06-02150 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 4, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Thomas Eugene Moore D-62389
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532

Dated: December 4, 2008

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.06\Moore2150.grantEOTservice&pendMOTS.frm    4