**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

THOMAS EUGENE MOORE,

      Plaintiff,

  v.

BROWN & WILLIAMSON TOBACCO,
CORPORATION, et al.,

      Defendants.

_____/

No. C 06-02150 SBA (PR)

**ORDER DISMISSING DELIBERATE
INDIFFERENCE, SUPERVISORY
LIABILITY AND EQUAL PROTECTION
CLAIMS**

      On November 10, 2008, the Court issued an Order of Service and directed Plaintiff to amend his deliberate indifference, supervisory liability and equal protection claims.  After granting Plaintiff an extension, the Court gave him until December 10, 2008 to file an amendment to the complaint.  He was warned the failure to do so would result in dismissal of his deliberate indifference, supervisory liability and equal protection claims without prejudice.

      In an Order dated December 12, 2008, the Court granted Plaintiff's request for an extension of time to file his amendment to the complaint.

      On January 2, 2009, Plaintiff filed his amendment to the complaint.  The Court now reviews Plaintiff's amended deliberate indifference, supervisory liability and equal protection claims.

**I.**    **Deliberate Indifference Claims**

      In its November 10, 2008 Order, the Court determined that, liberally construed, Plaintiff alleged that Defendants Grillo and Gibbs were deliberately indifferent to his serious medical needs by failing to provide medical therapy and treatment for Plaintiff's tobacco smoking addiction from June 19, 2001 to January 1, 2005.  (Nov. 10, 2008 Order at 9.)  Plaintiff claimed that Defendants Grillo and Gibbs failed to provide him the medical treatment necessary for his smoking addiction and caused him to suffer "headaches, pain, dizziness, nervousness, depression, insomnia, weight loss, emotional distress and other physical and mental damages." (Id.)  The Court also determined that Plaintiff alleged Defendants Beza and Schneider were deliberately indifferent to his serious

**United States District Court**
For the Northern District of California

1   medical needs by failing to inform Plaintiff that tobacco is addictive and by selling tobacco to

2   Plaintiff "up to July 1, 2005." (Id.)  The Court further stated that Plaintiff did not allege that he

3   informed Defendants Beza, Schneider, Grillo and Gibbs of his need for medical treatment due to his

4   tobacco smoking addiction or that they were aware of facts from which the inference could be drawn

5   that a substantial risk of serious harm exists from selling him tobacco products.  (Id.)  Therefore, the

6   Court concluded that Plaintiff's allegations failed to show that Defendants Beza, Schneider, Grillo

7   and Gibbs acted with deliberate indifference, an essential element to a deliberate indifference claim.

8   This claim was dismissed with leave to amend to cure this pleading deficiency.

9        Deliberate indifference to serious medical needs violates the Eighth Amendment's

10  proscription against cruel and unusual punishment.  Estelle v. Gamble, 429 U.S. 97, 104 (1976);

11  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX

12  Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A determination of

13  "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's

14  medical need and the nature of the defendant's response to that need.  Id. at 1059.  A serious medical

15  need exists if the failure to treat a prisoner's condition could result in further significant injury or the

16  "unnecessary and wanton infliction of pain."  Id. (citing Estelle, 429 U.S. at 104).  A prison

17  employee is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of

18  serious harm and disregards that risk by failing to take reasonable steps to abate it.  Farmer v.

19  Brennan, 511 U.S. 825, 837 (1994).

20       Neither negligence nor gross negligence will constitute deliberate indifference.  See Farmer,

21  511 U.S. at 835-36 (1994); see also Estelle, 429 U.S. at 106 (establishing that deliberate indifference

22  requires more than negligence).  A prison official cannot be held liable under the Eighth Amendment

23  for denying an inmate humane conditions of confinement unless the standard for criminal

24  recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or

25  safety.  See Farmer, 511 U.S. at 837.  The official must both be aware of facts from which the

26  inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

27  inference.  See id.  An Eighth Amendment claimant need not show, however, that a prison official

28  acted or failed to act believing that harm actually would befall an inmate; it is enough that the

United States District Court
For the Northern District of California

1   official acted or failed to act despite his knowledge of a substantial risk of serious harm.  See id. at

2   842.  This is a question of fact.  See Farmer, 511 U.S. at 842.  A heightened pleading standard

3   applies to the subjective prong of Eighth Amendment claims:  the plaintiff must make

4   nonconclusory allegations supporting an inference of unlawful intent.  Alfrey v. United States, 276

5   F.3d 557, 567-68 (9th Cir. 2002).

6        In Plaintiff's amendment to the complaint, he explains the Defendants Beza, Schneider,

7   Grillo and Gibbs were

8        informed by the State of California, [the] California Legislature, and by Assembly
     Member Tim Leslie, as well as by Assembly Bill No. 384, and also California

9        Penal Code section 5030.1(a) and (b) which prohibits and stops the provisions
     and the selling of smoking tobacco to the plaintiff, and also Assembly Bill No.

10       384 states that the [CDCR] and defendant Woodford would provide anti-smoking
     and smoking cessation programs for the plaintiff's smoking tobacco addiction

11       after January 1, 2005.

12  (Am. to Compl. at 1.)  He adds: "Assembly Bill No. 384 states that smoking cessation programs will

13  be provided to inmates."  (Id. at 2.)  Plaintiff therefore argues:

14       [D]efendants Beza and Schneider were deliberately indifferent to the plaintiff's
     serious medical needs by failing to inform the plaintiff that tobacco is addictive

15       and by selling this tobacco to the plaintiff when defendants Beza and Schneider
     were aware of facts by Assembly Bill No. 384 from which the inference could be

16       drawn that a substantial risk of serious harm of tobacco smoking addiction exists
     from selling the plaintiff the tobacco products for smoking, and defendants Grillo

17       and Gibbs were deliberately indifferent to the plaintiff's serious medical needs by
     failing to provide the plaintiff with a tobacco smoking cessation program to help

18       the plaintiff medically when defendants Grillo and Gibbs were aware of facts by
     Assembly Bill No. 384 from which the inference could be drawn that a substantial

19       risk of serious harm of tobacco smoking addiction exists from failing to medically
     treat the plaintiff's tobacco smoking addiction.

20

21  (Id.)  Finally, he claims that he "went for medical treatment and care on December 27, 2004, and

22  was seen by Defendants Grillo and Gibbs" and that he informed them that he

23       was having problems by being addicted to smoking tobacco and that the plaintiff
     was having pain in his throat, mouth, nose, lungs, and chest, and that he was
     coughing and having headaches and could not sleep, and when Defendants Grillo

24       and Gibbs checked the plaintiff, [they] wrote a medical report listing the physical
     damages to the plaintiff that the plaintiff's tobacco smoking ha[d] caused to the

25       plaintiff and listed that the plaintiff suffered from 1) focal mucoperistoeal
     thickening over the nasal turbinates, and 2) chronic sinusitis along the inferior

26       aspect of the lateral wall.

27  (Id.)

28

United States District Court
For the Northern District of California

1       Plaintiff's allegations in his amendment to the complaint relating to the Eighth Amendment

2 violation fails to cure the pleading deficiencies of his original deliberate indifference claim.  He

3 argues that the aforementioned Defendants "were informed of and aware of the facts of Assembly

4 Bill No. 384 from which the inference could be drawn that a substantial risk of tobacco smoking

5 addiction by Plaintiff existed and that a smoking addition cessation program was needed by the

6 plaintiff . . . ."  (Am. to Compl. at 2.)  Even if such an inference could be made and Assembly Bill

7 No. 384 were violated, a violation of state law is not a cognizable claim for relief under § 1983.

8       Moreover, contrary to Plaintiff's claim, Assembly Bill No. 384 does not require smoking

9 cessation programs.  Assembly Bill No. 384 states:

10 > This bill would prohibit the possession or use of tobacco products by inmates and
> wards under the jurisdiction of the Department of Corrections and the Department
11 > of the Youth Authority.  It would require the directors of these departments to
> adopt regulations to implement this prohibition, and would require that these
12 > regulations include an exemption for departmentally approved religious
> ceremonies.

13 2004 Cal. Stat. c. 798 (A.B. 384).  Thus, it requires prison officials to "adopt regulations to

14 implement" the prohibition of the possession and use of tobacco products by inmates.  Id.

15 Therefore, the Court finds unavailing Plaintiff's argument that Assembly Bill No. 384 requires a

16 smoking cessation program.

17       Equally unavailing is Plaintiff's argument that Defendant Grillo's and Gibb's "medical

18 diagnosis of Plaintiff on December 27, 2004" amounted to deliberate indifference.  Plaintiff alleges

19 that Defendant Grillo and Gibbs "wrote a medical report listing the physical damages . . . that

20 plaintiff's tobacco smoking has caused," but that they "continued to allow the plaintiff to smoke

21 tobacco and to be addicted to smoking tobacco."  (Am. to Compl. at 3.)  Plaintiff claims Defendants

22 Grillo and Gibbs treated him and after they made their "medical diagnosis," they "continued to allow

23 [him] to smoke tobacco and to be addicted to smoking tobacco . . . ."  (Id.)  Plaintiff argues that

24 Defendants Grillo and Gibbs should have offered him a smoking cessation program.  However, the

25 Court finds that Plaintiff does not have a constitutional right to a smoking cessation program.

26 Furthermore, "[a] difference of opinion between a prisoner-patient and prison medical authorities

27 regarding treatment does not give rise to a § 1983 claim."  Id.  Here, Plaintiff allegations amount to a

28

United States District Court
For the Northern District of California

1    difference of medical opinion as to the need to pursue one course of treatment over another, which is

2    insufficient, as a matter of law, to establish deliberate indifference.  See Sanchez v. Vild, 891 F.2d

3    240, 242 (9th Cir. 1989).

4         In sum, Plaintiff has failed to show that he had a serious medical need and that Defendants

5    Beza, Schneider, Grillo and Gibbs knew of and disregarded an excessive risk to inmate health or

6    safety.  See Farmer, 511 U.S. at 837.  Therefore, the Court finds that Plaintiff's allegations in his

7    amendment to the complaint do not amount to deliberate indifference to his serious medical needs

8    against the aforementioned defendants.  At most, they amount to negligence, which is not

9    constitutionally cognizable.  Accordingly, the Court finds that Plaintiff fails to state a

10   constitutionally cognizable deliberate indifference claim as a matter of law and that leave to amend

11   would be futile.

12        Accordingly, IT IS HEREBY ORDERED that the deliberate indifference claim against

13   Defendants Beza, Schneider, Grillo and Gibbs is dismissed without further leave to amend.

14   **II.    Supervisory Liability Claims**

15        In the amendment, Plaintiff states that Defendants Woodford and Evans:

16        were deliberately indifferent to the plaintiff's serious medical needs by failing to
          supervise or create a smoking cessation program for the plaintiff pursuant to
17        Assembly Bill No. 384, when defendants Woodford and Evans were aware of facts
          by Assembly Bill No. 384 from which the inference could be drawn that a
18        substantial risk of serious harm of tobacco smoking addiction exists from the selling
          of smoking tobacco to the plaintiff.
19
20   (Am. to Compl. at 5.)

21        Plaintiff claims that because Defendant Woodford is the Director of the California

22   Department of Corrections and Rehabilitation and because Defendant Evans was a former SVSP

23   Warden, they should be liable for the alleged "fail[ure] to provide and supervise the creation and

24   supervision of a tobacco smoking cessation program for the plaintiff" at SVSP.[1]  (Id.)  This is a

25   respondeat superior claim, that is, Plaintiff seeks to hold Defendants Woodford and Evans liable

26   _____

27        [1]  Plaintiff does not provide any facts to support his allegation that Defendants Woodford and
     Evans were aware of his medical problems from his tobacco addiction or his need for a tobacco
28   smoking cessation program.  Therefore, the Court construes his amendment to the complaint to
     allege that prison officials were not properly supervised by Defendants Woodford and Evans.

5

United States District Court
For the Northern District of California

1  because they are the supervisors of the persons Plaintiff contends violated his rights.  This is,

2  however, not a proper basis for liability under 42 U.S.C. § 1983.  See Taylor v. List, 880 F.2d 1040,

3  1045 (9th Cir. 1989).  Therefore, nothing in the amendment is sufficient to overcome the deficiency

4  of his supervisory liability claim against Defendants Woodford and Evans, which gave rise to the

5  dismissal with leave to amend.

6          Accordingly, IT IS HEREBY ORDERED that the supervisory liability claim against

7  Defendants Woodford and Evans is dismissed without further leave to amend.

8  **III.    Equal Protection Claim**

9          The Court found that Plaintiff alleged in his original complaint that the inadequate care by

10  Defendants was the result of a conspiracy based on racial animus.  In its November 10, 2008 Order,

11  the Court liberally construed this as a claim under the Equal Protection Clause of the Fourteenth

12  Amendment.  (Nov. 10, 2008 Order at 10-11 [citing Wolff v. McDonnell, 418 U.S. 539, 556

13  (1974) ("Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment

14  from invidious discrimination based on race.")].)  The Court determined that Plaintiff made

15  conclusory allegations that the named Defendants acted because of a conspiracy based on racial

16  animus, but that he did not present facts from which such a conclusion might be drawn.  Therefore,

17  Plaintiff's equal protection claim was dismissed with leave to amend for failure to present a

18  cognizable claim for relief.  Plaintiff was directed to assert facts which support an equal protection

19  claim against the named Defendants in order to cure this pleading deficiency.

20          The Court notes that nowhere in his amendment to the complaint does Plaintiff amend his

21  equal protection claim.  The time to file his amended equal protection claim has passed, and Plaintiff

22  has failed to do so.  Accordingly, IT IS HEREBY ORDERED that the equal protection claim is

23  DISMISSED without prejudice.

24          The only remaining Defendants in this case, Lane Limited and Brown & Williamson

25  Tobacco Corporation, have filed a motion to dismiss pursuant to Federal Rules of Civil Procedure

26  41(b), 12(b)(4) and 12(b)(5).  Plaintiff's opposition to the dispositive motion is due to be filed with

27  the Court and served on Defendants no later than **February 6, 2009**, thirty days after the motion was

28  filed.  If Defendants wish to file a reply brief, they shall do so no later than **fifteen (15) days** after

1  the date Plaintiff's opposition is filed.  The motion shall be deemed submitted as of the date the reply

2  brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.  The

3  Court will resolve the motion to dismiss in a separate written Order.

4       IT IS SO ORDERED.

5  DATED: 1/22/09

                                   *Saundra B Armstrong*

6                                   SAUNDRA BROWN ARMSTRONG
                                 United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

P:\PRO-SE\SBA\CR.06\Moore2150.DismissAmClaims.wpd

1   UNITED STATES DISTRICT COURT

2   FOR THE

3   NORTHERN DISTRICT OF CALIFORNIA

4

5

6   MOORE et al,                                    Case Number: CV06-02150 SBA

7            Plaintiff,                             **CERTIFICATE OF SERVICE**

8       v.

9   BROWN & WILLIAMSON TOBACCO,
    CORPORATION et al,

10

11           Defendant.
    _____/

12

13  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
    Court, Northern District of California.

14  That on January 23, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said
    copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
15  envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
    located in the Clerk's office.

16

17

18  Thomas Eugene Moore D-62389
    Pelican Bay State Prison
19  P.O. Box 7500
    Crescent City, CA 95532

20  Dated: January 23, 2009

21                                              Richard W. Wieking, Clerk
                                                By: LISA R CLARK, Deputy Clerk

22

23

24

25

26

27

28

P:\PRO-SE\SBA\CR.06\Moore2150.DismissAmClaims.wpd                 8