IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS EUGENE MOORE,<br><br>    Plaintiff,<br><br>  v.<br><br>BROWN & WILLIAMSON TOBACCO,<br>CORPORATION, et al.,<br><br>    Defendants.<br>_____ | No. C 06-2150 SBA (PR)<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO EFFECT SERVICE OF SUMMONS AND COMPLAINT ON DEFENDANT LANE LIMITED AND (2) GRANTING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION TO MOTION TO DISMISS**<br><br>(Docket nos.62, 68) |

Plaintiff Thomas Eugene Moore, a state prisoner currently incarcerated at Pelican Bay State Prison, filed this civil action in the Monterey County Superior Court, Moore v. Brown & Williamson Tobacco, Corp., et al., Case No. M76478, alleging various claims, including civil rights violations, arising from Plaintiff's use of tobacco products while incarcerated at Salinas Valley State Prison (SVSP) from June 19, 2001 to July 1, 2005. Plaintiff named as Defendants the following corporations: Lane Limited (LL) and Brown & Williamson Tobacco Corporation (B&W), the alleged tobacco manufacturers; as well as Access SecurePak (Access), the alleged retailer of the tobacco products Plaintiff used. Plaintiff has also named as Defendants various prison officials, who purportedly participated in the supply of tobacco and the denial of Plaintiff's administrative claims, including: SVSP Warden Mike Evans; SVSP Canteen Manager E. Beza; SVSP Procurement Services Officer B. Schneider; SVSP Chief of Inmate Appeals N. Grannis; SVSP Appeals Coordinator S. Gomez; SVSP Correctional Lieutenant C. Blackstone; SVSP Physicians I. Grillo and R. Gibbs; and California Department of Corrections and Rehabilitation (CDCR) Director Jeanne Woodford (hereinafter "remaining Defendants").

Before the Court are Plaintiff's motion for extension of time to effect service of summons and complaint on Defendant LL (docket no. 62) and his motion for extension of time to file an opposition to Defendants' motion to dismiss (docket no. 68).

**BACKGROUND**

In an Order dated November 10, 2008, the Court denied Plaintiff's application for in forma

pauperis (IFP) status and dismissed the complaint with leave to amend.  The Court dismissed Plaintiff's claim against Defendants Access relating to his use of tobacco products as well as his claims against Defendants Grannis, Blackstone and Gomez relating to the grievance process.  All remaining claims were dismissed with leave to amend.  The Court also found that Plaintiff was responsible for effecting service within thirty days on Defendants B&W and LL as well as on the remaining Defendants because his IFP application had been denied.

In an Order dated November 14, 2008, the Court denied Plaintiff's motion requesting the Clerk of the Court to issue summons and the U.S. Marshal to serve the summons and complaint upon Defendants.  The Court directed Plaintiff to follow the procedures to properly serve the aforementioned Defendants outlined in the Court's November 10, 2008 Order.  He was also directed to abide by the deadlines previously set in the Court's November 10, 2008 Order.

In an Order dated December 16, 2008, the Court granted Plaintiff an extension of time in which Plaintiff to serve the summons and complaint upon the remaining Defendants up to and including January 12, 2009.

On December 22, 2008, Plaintiff filed a notice of process service of summons and complaint upon Defendants B&W, Woodson, Beza, Schneider and Gibbs.

On January 2, 2009, Plaintiff filed his amendment to the complaint after being granted an extension of time to do so.

On January 5, 2009, Defendants B&W and LL filed a motion to dismiss this action "on the basis that Plaintiff has failed to comply with orders of this Court and for insufficiency of service of process and insufficiency of process."  (Mot. to Dismiss at 1.)

On January 7, 2009, Plaintiff filed a notice of process service of summons and complaint upon Defendant Beza.

On January 16, 2007, Plaintiff filed a motion for extension of time to effect service of summons and complaint on Defendant LL.

On January 23, 2009, the Court dismissed Plaintiff's amended deliberate indifference, supervisory liability and equal protection claims.  Thus, the Court noted that the only Defendants remaining in this action were B&W and LL.  Plaintiff was informed that his opposition to Defendants

1  B&W's and LL's motion to dismiss was due on February 6, 2009.

2  On January 27, 2009, Defendants B&W and LL filed an opposition to Plaintiff's motion for
3  extension of time to effect service of summons and complaint on Defendant LL.

4  On January 29, 2009, Plaintiff filed a "Notice of the Incorrect Address [sic] of Defendants
5  Brown & Williamson Tobacco Corp. and E. Beza."

6  On February 6, 2009, Plaintiff filed a motion for extension of time to file an opposition to
7  Defendants' motion to dismiss.

8  Also on February 6, 2009, Plaintiff filed a "Notice of the Current Addresses [of] Defendants
9  Brown & Williamson Tobacco Corp. and Lane Limited."

## DISCUSSION

Plaintiff now requests an extension up to and including February 12, 2009 in order to serve the summons and complaint upon the Defendant LL. Plaintiff claims that he "has been diligent in attempting to serve process upon Defendant Lane Limited." (Mot. for EOT to Serve Def. LL at 2.) However, the record shows that Plaintiff only began to seek help from the prison librarian on December 10, 2008, the deadline for serving Defendant LL. Plaintiff claims that on December 10, 2008, he "gave a written request to the prison senior librarian Mrs. McCumsey in order to obtain the name and address of the person who can accept process service of the summons and complaint on behalf of Defendant Lane Limited in this case at hand, . . . but Mrs. McCumsey failed to contact the plaintiff." (Id.) Plaintiff claims he sent Mrs. McCumsey a second request on December 22, 2008. Plaintiff alleges that on January 6, 2009, "Mrs. McCumsey returned the request with a response that she was not able to obtain the process service information." (Id.) Defendant LL argues that Plaintiff "has not acted reasonably in light of the Court's directives of November 10." (Opp'n to Mot. for EOT to Serve Def. LL at 2.) The Court finds that Plaintiff did not act diligently to serve Defendant LL by the Court-ordered deadline of December 10, 2008. Furthermore, the Court has warned Defendant that "no further extensions of time will be granted in this case absent exigent circumstances." (Nov. 10, 2008 Order at 15.) Plaintiff has failed to allege that his failure to serve Defendant LL was due to excusable neglect or exigent circumstances. Accordingly, the Court DENIES Plaintiff's motion for

3

extension of time to effect service of summons and complaint on Defendant LL (docket no. 62).

Plaintiff also requests an extension of time to file an opposition to Defendants' motion to dismiss up to and including March 6, 2009.  Again, Plaintiff has failed to allege that his failure to filed a timely opposition was due to exigent circumstances.  Nevertheless, having read and considered Plaintiff's request and the accompanying declaration filed by Plaintiff, the Court finds that a brief extension of time is appropriate.  Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for an extension of time to file an opposition to Defendants' motion to dismiss (docket no. 68) is GRANTED in part.  The time in which Plaintiff must file his response to Defendants' motion to dismiss will be extended up to and including **February 20, 2009.**

## **CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motion for extension of time to effect service of summons and complaint on Defendant LL (docket no. 62) is DENIED.

2. Plaintiff's request for an extension of time to file an opposition to Defendants' motion to dismiss (docket no. 68) is GRANTED part.  Plaintiff must file his response to Defendants' motion to dismiss no later than **February 20, 2009.**  If Defendants wish to file a reply brief, they shall do so no later than **fifteen (15) days** after the date Plaintiff's opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.  The Court will resolve the motion to dismiss in a separate written Order.

3. Because this case has been pending for almost three years, **no further extensions of time will be granted in this case absent exigent circumstances**.

4. This Order terminates Docket nos. 62 and 68.

IT IS SO ORDERED.

DATED: 2/13/09

SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\CR.06\Moore2150.denyEOTservice&grantIPeotOPPN.frm 4

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MOORE et al,

       Plaintiff,

  v.

BROWN & WILLIAMSON TOBACCO,
CORPORATION et al,

       Defendant.

Case Number: CV06-02150 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 13, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Thomas Eugene Moore D-62389
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532

Dated: February 13, 2009

                                   Richard W. Wieking, Clerk
                                   By: LISA R CLARK, Deputy Clerk