IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| THOMAS EUGENE MOORE,<br><br>           Plaintiff,<br><br>   v.<br><br>BROWN & WILLIAMSON TOBACCO,<br>CORPORATION, et al.,<br><br>           Defendants. | ) No. C 06-2150 SBA (PR)<br>)<br>) **ORDER GRANTING DEFENDANTS<br>) B&W'S AND LL'S MOTION TO<br>) DISMISS; DISMISSING ALL FEDERAL<br>) CLAIMS; REMANDING CASE TO<br>) STATE COURT; AND ADDRESSING<br>) ALL PENDING MOTIONS**<br>)<br>) (Docket nos. 47, 57, 76, 79, 80, 83)<br>) |

## INTRODUCTION

Plaintiff Thomas Eugene Moore, a state prisoner currently incarcerated at Pelican Bay State Prison, filed this civil action in the Monterey County Superior Court, <u>Moore v. Brown & Williamson Tobacco, Corp., et al.</u>, Case No. M76478, alleging various claims, including civil rights violations, arising from Plaintiff's use of tobacco products while incarcerated at Salinas Valley State Prison (SVSP) from June 19, 2001 to July 1, 2005.  Plaintiff named as Defendants the following corporations:  Brown & Williamson Tobacco Corporation (B&W) and Lane Limited (LL), the alleged tobacco manufacturers; as well as Access SecurePak (Access), the alleged retailer of the tobacco products Plaintiff used.  Plaintiff has also named as Defendants various prison officials, who purportedly participated in the supply of tobacco and the denial of Plaintiff's administrative appeal, including:  SVSP Warden Mike Evans; SVSP Canteen Manager E. Beza; SVSP Procurement Services Officer B. Schneider; SVSP Chief of Inmate Appeals N. Grannis; SVSP Appeals Coordinator S. Gomez; SVSP Correctional Lieutenant C. Blackstone; SVSP Physicians I. Grillo and R. Gibbs; and California Department of Corrections and Rehabilitation (CDCR) Director Jeanne Woodford.  Thereafter, Defendant Evans removed the action to federal court.

Before the Court is Defendants B&W's and LL's motion to dismiss pursuant to Federal Rules of Civil Procedure 41(b), 12(b)(4) and 12(b)(5).  Also before the Court are Plaintiff's motion for reconsideration as well as his other pending motions.  For the reasons discussed below, Defendants B&W's and LL's motion to dismiss is GRANTED; Plaintiff's motion for reconsideration is GRANTED in part and DENIED in part; and all other pending motions are DENIED.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

## FACTUAL BACKGROUND

In an Order dated November 10, 2008 Order, the Court summarized the background of this case:

> The following allegations are taken from Plaintiff's amended complaint:
>
> Defendants B&W, LL, and Access provided tobacco products and failed to provide warning labels to inform Plaintiff of the risk of addiction to smoking tobacco. Defendants B&W, LL, Access, Woodford, Evans, Beza and Schneider "provided and/or sold" the tobacco products to him for "financial gain from the Plaintiff's physical and mental addiction to smoking the said Defendants['] tobacco and tobacco products from June 19, 2001 to July 1, 2005 . . . ." (Am. Compl. at 5.)
>
> Defendants Grillo and Gibbs failed to provide him with a "smoking cessation program and/or therapy, or anti-smoking, non-smoking medical therapy, or tobacco patches, or other means to insure a smooth transition to a tobacco-free environment, or to help with the [P]laintiff's tobacco smoking addiction and physical and psychological symptoms of tobacco smoking." (Id. at 10.) Defendants Grillo and Gibbs were deliberately indifferent to Plaintiff's serious medical needs and caused him to suffer "headaches, pain, dizziness, nervousness, depression, insomnia, weight loss, emotional distress and other physical and mental damages." (Id.) He alleges Defendants' inadequate care was the result of a conspiracy based on racial animus. (Id. at 15.)
>
> Defendants Grannis, Blackstone and Gomez denied Plaintiff administrative relief after he filed a 602 inmate appeal relating to the claims in this action. (Id. at 10.)
>
> Plaintiff seeks monetary damages. (Id. at 22.)

(Nov. 10, 2008 Order at 2.)

## PROCEDURAL BACKGROUND

As mentioned above, Plaintiff commenced this action by filing a complaint in the Monterey County Superior Court on October 24, 2005.

On March 23, 2006, Defendant Evans removed this case to federal court on the ground that Plaintiff alleged a violation of his civil rights under federal law.

On June 21, 2006, Defendants B&W and LL filed a motion to dismiss for insufficiency of process and service of process pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5). On September 15, 2006, Defendant Access moved for dismissal on the same grounds. Plaintiff opposed the motions, and Defendants B&W, LL and Access filed replies to his oppositions.

The Court summarized the basis for Defendants B&W's, LL's and Access's motions to dismiss as follows:

> Defendants allege that on or about May 21, 2006, Plaintiff attempted to serve a

2

state court summons, an incomplete copy of the complaint, and a state court notice of acknowledgment and receipt on Defendants. (Defs. B&W's and Lane Limited's Mot. Dismiss at 2; Def. Access SecurePak's Mot. Dismiss at 2.)  They claim that service was made by mailing these documents in envelopes addressed only to "Access SecurePak," "Lane Limited," "Brown & Williamson Tobacco Corp." without specifying any officer, agent or other individual authorized to accept service. (Defs. B&W's and Lane Limited's Mot. Dismiss at 2; Def. Access SecurePak's Mot. Dismiss at 2-3.)  Defendants argue that "Plaintiff's method of service does not comply with California law or federal service requirements and is therefore invalid." (Defs. B&W's and Lane Limited's Mot. Dismiss at 2; Def. Access SecurePak's Mot. Dismiss at 3.)  They further argue that "Plaintiff did not serve a federal summons," that he "provided an incomplete copy of the Complaint," and that "such defects render process insufficient." (Id.)  Therefore, Defendants claim that "[t]he Court should dismiss this action as to Moving Defendants based on the fatal defects in process and service." (Id.)

(Mar. 30, 2007 Order at 2-3.)

In an Order date March 30, 2007, the Court denied the motions to dismiss filed by Defendants LL, B&W and Access.  The Court found that Defendants had not been properly served; however, it exercised its discretion under Federal Rule of Civil Procedure 4(m) to extend Plaintiff's time to serve them, stating:

> Based on the record, the Court finds that Defendants have not been properly served; however, because only a year has passed since this action was removed to federal court, the Court exercises its discretion under Rule 4(m) to extend Plaintiff's time to serve Defendants. Cf. Efaw v. Williams, 473 F.3d 1038, 1040-41 (9th Cir. 2007) (finding that district court abused its discretion in denying motion to dismiss where plaintiff failed to comply with service requirements until more than seven years following filing of complaint).

(Mar. 30, 2007 Order at 3-4.)[1]  The Court also explained the procedures Plaintiff must follow in order to serve corporate defendants, including:

> (1) he could serve the defendants pursuant to Fed. R. Civ. P. 4(a) and 4(h)(1); (2) he could request that the defendants waive service of process pursuant to Fed. R. Civ. P. 4(d)(2); (3) he could serve the defendants according to state service of process rules pursuant to Fed. R. Civ. P. 4(e)(1) and Cal. Code Civ. Proc. §§ 415.40, 412.30, 416.10, and 416.40; or (4) he could apply for in forma pauperis (IFP) status pursuant to 28 U.S.C. § 1915.

(Id. at 3.)  The Court also warned Plaintiff that "[i]f service of the summons and complaint is not made upon a defendant in 120 days after the filing of the complaint, the action must be dismissed without prejudice as to that defendant absent a showing of 'good cause.'" (Id. citing Fed. R. Civ. P. 4(m).)  The further Court noted that Plaintiff had filed a motion for leave to proceed IFP, which

---

[1]  Having determined that service of process was insufficient, the Court did not reach a decision on insufficiency of process in its March 30, 2007 Order.

3

would be reviewed in a separate written Order.  (<u>Id.</u> at 4.)  Finally, the Court instructed Plaintiff on how to proceed if his application for IFP status was denied:

> In the event that the Court denies Plaintiff's motion for leave to proceed IFP, Plaintiff will be responsible for effecting service on Defendants.  The Court has mentioned above the procedures Plaintiff must follow in order to serve Defendants properly.  No later than **thirty (30) days** of the date his IFP application is denied, Plaintiff is directed to re-serve Defendants with a copy of a properly issued federal summons . . . and a copy of his original complaint as directed above, i.e., (1) pursuant to the Federal Rules of Civil Procedure, (2) by requesting waiver of service of process pursuant to Federal Rule of Civil Procedure 4(d)(2) or (3) according to state service of process rules.

(<u>Id.</u> at 5 (emphasis in original).)  The Court reminded Plaintiff that the "[f]ailure to take at least one of these actions as to any Defendant will result in dismissal of the action as to that Defendant." (<u>Id.</u> citing Fed. R. Civ. P. 4(m).)

On May 14, 2007 Plaintiff filed a motion for leave to file an amended complaint and attached his amended complaint.  Thereafter, he filed a motion for the Court to screen the amended complaint under 28 U.S.C. § 1915A.

In an Order dated March 26, 2008, the Court granted Plaintiff's motion for leave to file an amended complaint and his motion for the Court to screen the amended complaint.

In an Order dated November 10, 2008, the Court reviewed Plaintiff's amended complaint and his application for IFP status.  The Court first informed Plaintiff that due to his previous filings, he is "three-strikes" barred under 28 U.S.C. § 1915(g).[2]  (Nov. 10, 2008 Order at 7.)  The Court also determined that Plaintiff did not fall under that only exception to this bar because he failed to show that he was seeking relief from a danger of serious physical injury which was "imminent" at the time of filing.  (<u>Id.</u> (citing <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 312 (3d Cir. 2001) (en banc)).)  In view of this, Plaintiff's application for IFP status was denied.  (<u>Id.</u>)  The Court then found Plaintiff's claim against Defendants B&W and LL cognizable because it constituted a claim for product liability against tobacco manufactures.  The Court dismissed Plaintiff's claim against Defendants

---

[2]  The Prison Litigation Reform Act of 1995 (PLRA) was enacted, and became effective, on April 26, 1996.  It provides that a prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**United States District Court**
For the Northern District of California

Access relating to Plaintiff's use of tobacco products as well as his claims against Defendants Grannis, Blackstone and Gomez relating to the grievance process. All remaining claims were dismissed with leave to amend. The Court asserted supplemental jurisdiction over Plaintiff's state law claims, but review and service of the state claims was held until Plaintiff filed his amended claims. The Court also found that Plaintiff was responsible for effecting service on Defendants B&W and LL as well as on the remaining prison officials who were named as Defendants because his IFP application had been denied. The Court reiterated the aforementioned procedures Plaintiff must follow in order to serve Defendants properly, and set a deadline for service, stating:

> No later than **thirty (30) days** of the date of this order, Plaintiff is directed to re-serve Defendants B&W and LL with a copy of a properly issued federal summons on which the signature and seal of the Clerk of the Court, and the name of the issuing court, are visible and a copy of his original complaint as directed above, i.e., (1) pursuant to the Federal Rules of Civil Procedure, (2) by requesting waiver of service of process pursuant to Federal Rule of Civil Procedure 4(d)(2) or (3) according to state service of process rules. Failure to take at least one of these actions as to Defendants B&W and LL will result in dismissal of the claims as to each Defendant. See Fed. R. Civ. P. 4(m).

(Nov. 10, 2008 Order at 14 (emphasis in original).) In addition, the Court also outlined Plaintiff's obligations as to the remaining Defendants in this action:

> No later than **thirty (30) days** from the date of this Order, Plaintiff must file either proofs of service of the remaining Defendants (not including Defendant Evans, who has already been served, and Defendants Grannis, Blackstone and Gomez because Plaintiff's claims against them have been dismissed), a motion seeking additional time to effect service of these Defendants, or a motion to amend any federal summonses served on these Defendants to correct deficiencies in the summonses. Failure to take at least one of these actions as to any of these Defendants (again, not including Defendant Evans, Grannis, Blackstone and Gomez) will result in dismissal of the claims as to that Defendant. See Fed. R. Civ. P. 4(m).

(Id.)

Also on November 10, 2008, Plaintiff filed a motion requesting the Clerk to issue summons and the U.S. Marshal to serve the summons and complaint upon all Defendants in this action. In an Order dated November 14, 2008, the Court denied his motion. The Court also directed Plaintiff to "follow the procedures to properly serve the aforementioned Defendants outlined in the Court's November 10, 2008 Order" and to "abide by the deadlines previously set in the Court's November 10, 2008 Order." (Nov. 14, 2008 Order at 2.)

On November 24, 2008, Plaintiff filed a "Motion for Additional 60-Day Extension of Time

United States District Court
For the Northern District of California

to Effect Service of Summons and Complaint on Remaining Defendants."  He also filed a motion

entitled "Plaintiff's Motion to Amend Federal Summons to Serve Process on Remaining

Defendants," which the Court later construed as a motion requesting the Clerk to send a copy of a

blank federal summons to Plaintiff.

Also on November 24, 2008, Defendant Access filed a Motion for Entry of Judgment

because "the Court ordered that Plaintiff's claim against Access be dismissed" in its November 10,

2008 Order.  (Mot. for Entry of J. at 1.)

In an Order dated December 4, 2008, the Court granted Plaintiff's request for an extension of

time up to and including January 12, 2009 to serve the "remaining" Defendants, specifically the

prison officials who were named as Defendants.[3]  The Court also granted Plaintiff's motion

requesting the Clerk to send a copy of the federal summons to Plaintiff and directed the Clerk to

send Plaintiff a copy of a blank federal summons.

On December 5, 2008, Plaintiff filed the following motions:  a "Motion for First Extension

of Time to File Amended Civil Complaint," a "Motion for Court Order to Photocopy Plaintiff's

Motions, Amended Complaint, and Process Service Documents," and a motion entitled, "Amended

Plaintiff's Motion for Clerk of the Court to Stamp the Seal of Clerk of the Court and the Issuing

Court's Name on the Federal Summons."

In an Order dated December 12, 2008, the Court granted Plaintiff's motion for an extension

of time to file amended deliberate indifference, supervisory liability, and equal protection claims up

to and including January 5, 2009.  His motion requesting the Court to order the PBSP law librarian

---

[3]  The Court did not grant Plaintiff an extension of time to serve the two corporate defendants, Defendants B&W and LL, in its December 4, 2008 Order.  As mentioned above, in the portion of the Court's November 10, 2008 Order outlining Plaintiff's service obligations as to the prison officials named as Defendants in this action, the Court indicated that Plaintiff could file "a motion seeking additional time to effect service on these Defendants."  (Nov. 10, 2008 Order at 14.)  The Court stressed in its November 14, 2008 Order that Plaintiff was to "abide by the deadlines previously set in the Court's November 10, 2008 Order."  (Nov. 14, 2008 Order at 2.)  These deadlines included the December 10, 2008 deadline for Plaintiff to serve Defendants B&W and LL.  As mentioned below, in its February 13, 2009 Order denying Plaintiff's motion for an extension of time to serve Defendant LL, the Court stated, "[t]he record shows that Plaintiff only began to seek help from the prison librarian on **December 10, 2008, the deadline for serving Defendant LL.**"  (Feb. 13, 2009 Order at 3 (emphasis added).)  Therefore, the record is clear that Plaintiff was only granted an extension of time to serve the prison officials named as Defendants up to and until January 12, 2009.

1   to photocopy certain documents for him was denied because Plaintiff had not shown a need for the

2   photocopying services "based on [his] ability to file numerous documents in his other pending

3   cases." (Dec. 12, 2008 Order at 2 (citing Case Nos. C 06-02105 SBA (PR) and C 06-02357 SBA

4   (PR).) The Court further noted that if Plaintiff was unable to obtain photocopying services in order

5   to meet the required deadlines in this case, "he may handwrite duplicates of any document he files."

6   (Id. at 2-3.) Finally, the Court also denied the "Amended Plaintiff's Motion for Clerk of the Court to

7   Stamp the Seal of Clerk of the Court and the Issuing Court's Name on the Federal Summons"

8   because the attached summons to the motion did not contain Defendants' names and addresses. The

9   Court further stated:

10          [T]he attached summons submitted by Plaintiff is not proper, and he must provide the
        Clerk with the names and addresses of the Defendants he wishes to serve. Plaintiff
11      must abide by the deadline previously set in the Court's December 4, 2008 Order, and
        he must serve the summons and complaint upon the Defendants he wishes to serve no
12      later than January 12, 2009.

13   (Id. at 3.)

14          On December 22, 2008, Plaintiff filed a "Notice of Process Service of Summons and

15   Complaint upon Defendants Brown & Williamson, J. Woodford, E. Beza, B. Schnieder and R.

16   Gibbs." According to this notice, Plaintiff attempted to serve Defendant B&W by having the

17   Forsyth County Sheriff in North Carolina deliver to R. J. Reynolds Tobacco Company[4] the original

18   state court summons and original complaint in this action. (Dec. 22, 2008 Notice at 2.) The record

19   shows that Keith Lazarus, Senior Paralegal at R. J. Reynolds Tobacco Company Law Department,

20   received the summons and complaint on December 16, 2008. (Lazarus Decl. ¶¶ 2-3, Ex. A.)

21          On January 2, 2009, Plaintiff filed his "Amendment to the Complaint," which included his

22   amended deliberate indifference, supervisory liability, and equal protection claims.

23          On January 5, 2009, Defendants B&W and LL filed the instant motion to dismiss on

24   grounds of Plaintiff's "failure to comply with the directives set forth in the Court's November 10

25

26   _____

27          [4] In this notice and other filings, Plaintiff refers to this corporation as "R. J. Reynolds
     American, Inc." (Dec. 22, 2008 Notice at 2.) However, the record shows that the correct name of
28   this corporation is R. J. Reynolds Tobacco Company. (Lazarus Decl. ¶ 1; Clemo Decl. ¶ 1.)

**United States District Court**
For the Northern District of California

1   Order," or in the alternative, they move for dismissal "for insufficient service of process and

2   insufficient process."  (Jan. 5, 2009 Mot. to Dismiss at 4-5.)

3          On January 7, 2009, Plaintiff filed another motion for leave to proceed IFP.  He then filed

4   two amended applications for IFP status on March 10, 2009, as well as a request for the Court to

5   order the U.S. Marshal to serve process upon Defendants B&W and LL.

6          Also on January 7, 2009, Plaintiff filed a "Notice of Process of Service and Summons and

7   Complaint Upon Defendant E. Beza."

8          On January 16, 2009, Plaintiff filed a "Motion for an Extension of Time to Serve Summons

9   and Complaint upon Defendant Lane Limited."  Thereafter, Defendants B&W and LL filed their

10  opposition to Plaintiff's request for an extension of time to serve Defendant LL.

11         In an Order dated January 22, 2009, the Court reviewed Plaintiff's amendment to the

12  complaint.  The Court dismissed Plaintiff's amended deliberate indifference, supervisory liability,

13  and equal protection claims because the allegations in his amendment to the complaint did not

14  amount to cognizable federal claims against the prison officials named as Defendants.  These claims

15  were dismissed without leave to amend.  Thus, the Court stated that the "only remaining Defendants

16  in this case, Lane Limited and Brown & Williamson Tobacco Corporation, have filed a motion to

17  dismiss pursuant to Federal Rules of Civil Procedure 41(b), 12(b)(4) and 12(b)(5)."  (Jan. 22, 2009

18  Order at 6.)  The Court set a briefing schedule for the opposition to the pending motion to dismiss as

19  well as the reply.  Plaintiff was ordered to file his opposition on or by February 6, 2009, and

20  Defendants B&W's and LL's reply was due no later than fifteen days after Plaintiff filed his

21  opposition.

22         On February 6, 2009, Plaintiff filed a motion for an extension of time to file an opposition to

23  the motion to dismiss.

24         In an Order dated February 13, 2009, the Court denied Plaintiff's motion for an extension of

25  time to serve Defendant LL.  The Court also granted in part Plaintiff's motion for an extension of

26  time to file an opposition to the motion to dismiss.  He was ordered to file his opposition no later

27  than February 20, 2009.

28         On February 23, 2009, Plaintiff filed a motion for reconsideration of the Court's January 22,

**United States District Court**
For the Northern District of California

2009 Order dismissing his claims against the prison officials named as Defendants.

On February 26, 2009, Plaintiff filed a motion to file under seal documents related to his February 23, 2009 motion for reconsideration.

On March 2, 2009, Plaintiff filed a motion for a second extension of time to file his opposition up to and until March 3, 2009.

On March 6, 2009, Plaintiff filed his opposition to Defendants B&W's and LL's motion to dismiss. Because Plaintiff filed his opposition prior to the Court ruling on his March 2, 2009 motion for a second extension of time, the Clerk terminated that motion as moot.

In an Order dated March 6, 2009, the Court granted Plaintiff's motion to file under seal documents related to his February 23, 2009 motion for reconsideration.

On March 10, 2009, Plaintiff filed an "amended" opposition to Defendants B&W and LL's motion to dismiss, which is identical to his opposition filed on March 6, 2009. However, Plaintiff has attached exhibits to his "amended" opposition that were not previously attached to his opposition.

Also on March 10, 2009, Plaintiff filed a motion for reconsideration and an "amended" motion for reconsideration of the Court's February 13, 2009 Order denying Plaintiff's motion for an extension of time to serve Defendant LL.

On March 16, 2009, Plaintiff filed a "Notice of Process Service Upon Defendant Lane Limited." Four days later, Plaintiff filed an "Amended Notice of Process Service Upon and Current Address of Defendant Lane Limited." According to the amended notice, Plaintiff attempted to serve Defendant LL by having the Forsyth County Sheriff in North Carolina deliver to R. J. Reynolds Tobacco Company the original state court summons and original complaint in this action. (Mar. 20, 2009 Am. Notice at 1.) The record shows that Tanya L. Clemo, Paralegal at R. J. Reynolds Tobacco Company's Law Department, received the summons and complaint on February 10, 2009. (Clemo Decl. ¶¶ 2-3, Ex. A.)

Defendants B&W and LL filed a reply to Plaintiff's opposition on March 23, 2009.

The Court now reviews the pending motions in this action.

**DISCUSSION**

**United States District Court**
For the Northern District of California

**I.     Defendants B&W's and LL's Motion to Dismiss**

    **A.     Background**

Defendants B&W and LL have filed a motion to dismiss.  They first argue that the Court should dismiss the instant action because Plaintiff has failed to comply with the Court's November 10, 2008 Order directing Plaintiff to "re-serve" them "(1) pursuant to the Federal Rules of Civil Procedure, (2) by requesting waiver of service . . . or (3) according to state service of process rules." (Jan. 5, 2009 Mot. to Dismiss at 5 (citing Nov. 10, 2008 Order at 14).)  They point out that the Court further stated that the "failure to take at least one of these actions . . . [would] result in dismissal of the claims" against Defendants B&W and LL.  (Id.)  The deadline for Plaintiff to properly "re-serve" Defendants B&W and LL was thirty days after the Court's November 10, 2008 Order, which was on December 10, 2008.  (Id.)  Defendants B&W and LL allege that Plaintiff failed to properly serve them prior to the December 10, 2008 deadline; therefore, they argue that the failure by Plaintiff to comply with the Court's November 10, 2008 Order warrants dismissal pursuant to Federal Rule of Civil Procedure 41(b).  (Id. at 5-6.)

In the alternative, Defendants B&W and LL argue that the Court should grant their motion to dismiss because they establish that no Defendant was served in compliance with applicable service statutes.  They rely on their arguments contained in the previously-filed June 21, 2006 "Motion to Dismiss for Insufficiency of Service and Process."  In that motion, they first argued that Plaintiff's action should be dismissed for insufficiency of service of process under Federal Rule of Civil Procedure 12(b)(5) because:

    (1)     On or about May 21, 2006, "Plaintiff attempted to serve a state court summons, an incomplete copy of the Complaint, and a state court notice of acknowledgment and receipt on [Defendants B&W and LL]."  (June 21, 2006 Mot. to Dismiss at 2.)

    (2)     Plaintiff failed to comply with any of the approved delivery methods under Federal Rule of Civil Procedure 4(h)(1), which states that a corporation may be served by delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process.  (Id. at 3.)

(3)     Plaintiff "merely addressed one envelope to 'Brown & Williamson Tobacco Corp., 401 S. 4th Street, Louisville, Kentucky 40202' and the other to 'Lane Limited, Legal Department, P.O. Box 1289, Tucker, Georgia 30085-1289.'"  (Id.)

Defendants B&W and LL also argued that Plaintiff's action should also be dismissed for insufficiency of process under Federal Rule of Civil Procedure 12(b)(4) because:

(1)     Plaintiff's purported service upon Defendants B&W and LL "contained a state court summons and an incomplete copy of the complaint."  (Id. at 4.)

(2)     "Because the action had been removed to federal court, a state court summons was invalid."  (Id.)

(3)     Plaintiff did not serve a summons that complies with Federal Rule of Civil Procedure 4(a) because neither the name of this Court, where the action was pending, nor the seal of the Clerk appeared on the state court summons.  (Id.)

(4)     The state court summons "did not state the correct time [Defendants B&W and LL] had to appear and defend themselves in the federal court litigation."[5]  (Id. at 4-5.)

(5)     Plaintiff failed to serve a complete copy of the complaint upon Defendants B&W and LL because "Exhibit A" was missing.  (Id.)

**B.     Plaintiff's Opposition and Related Pending Requests**

Although it is untimely, the Court will consider Plaintiff's belated opposition to the motion to dismiss.  Plaintiff has also filed a request for the Court to reconsider its February 13, 2009 Order denying his motion for an extension of time to serve Defendant LL.

In opposing the motion to dismiss, Plaintiff does not directly address any of the improper service allegations raised by Defendants B&W and LL.  Rather, he asserts that he has provided proof that he "sufficiently served defendant B&W by serving the company corporation that had merged with Defendant B&W, the R. J. [Reynolds Tobacco Company], and its agent Keith Lazarus by the Forsyth Sheriff."  (Mar. 10, 2009 Opp'n at 4.)  Plaintiff also seems to ask the Court for an

---

[5]  Defendants B&W and LL further claim that "[t]he documents served on [them] did not reveal that this action had been removed to federal court."  (June 21, 2006 Mot. to Dismiss at 2 n.2.)  They "learned of the current jurisdiction of this matter only after viewing the state court file on June 16, 2006."  (Id.)

extension of time to serve Defendant LL.  He claims that "Defendant LL has also merged with R. J. [Reynolds Tobacco Company]."  (Id.)  Plaintiff further alleges that "[o]n February 1, 2009, [he] mailed the process service to the Forsyth Sheriff in order to serve process on R. J. [Reynolds Tobacco Company] on behalf of [Defendant] LL, and [he] has not received a response from the Forsyth Sheriff or the R. J. [Reynolds Tobacco Company] nor from . . . Defendant LL."  (Id.)

Plaintiff's request for an extension of time to serve Defendant LL is more apparent in his "Amended Motion for Reconsideration of the Court's February 13, 2009 Order Denying Plaintiff's Motion for Extension of Time to Effect Service of Summons and Complaint on Defendant Lane Limited."  In its February 13, 2009 Order, the Court found that Plaintiff had not acted diligently in serving Defendant LL, stating:

> Plaintiff claims that he "has been diligent in attempting to serve process upon Defendant Lane Limited."  (Mot. for EOT to Serve Def. LL at 2.)  However, the record shows that Plaintiff only began to seek help from the prison librarian on December 10, 2008, the deadline for serving Defendant LL.  Plaintiff claims that on December 10, 2008, he "gave a written request to the prison senior librarian Mrs. McCumsey in order to obtain the name and address of the person who can accept process service of the summons and complaint on behalf of Defendant Lane Limited in this case at hand, . . . but Mrs. McCumsey failed to contact the plaintiff."  (Id.)  Plaintiff claims he sent Mrs. McCumsey a second request on December 22, 2008.  Plaintiff alleges that on January 6, 2009, "Mrs. McCumsey returned the request with a response that she was not able to obtain the process service information."  (Id.)  Defendant LL argues that Plaintiff "has not acted reasonably in light of the Court's directives of November 10."  (Opp'n to Mot. for EOT to Serve Def. LL at 2.)  The Court finds that Plaintiff did not act diligently to serve Defendant LL by the Court-ordered deadline of December 10, 2008.

(Feb. 13, 2009 Order at 3.)  The Court also reminded Plaintiff that he had been warned that "no further extensions of time [would] be granted in this case absent exigent circumstances."  (Id.)  The Court found that Plaintiff "failed to allege that his failure to serve Defendant LL was due to excusable neglect or exigent circumstances."  (Id.)

Plaintiff asks the Court to reconsider its February 13, 2009 Order; however, the Court construes his request as a renewed motion for an extension of time to serve Defendant LL.  Again, the Court finds that Plaintiff does not provide any reasons to warrant an extension of time.  Plaintiff repeats the some of the same allegations from his motion for an extension of time filed on January 16, 2009.  He also claims that he has only recently discovered that Defendant LL had "merged" with R. J. Reynolds Tobacco Company.  Plaintiff alleges that he received this information from Mrs.

United States District Court
For the Northern District of California

McCumsey on January 6, 2009, almost a month after the deadline.  In light of this, the Court again finds that Plaintiff did not act diligently to serve Defendant LL by the Court-ordered deadline of December 10, 2008.  Accordingly, the Court DENIES Plaintiff's renewed request for an extension of time to serve Defendant LL (docket no. 83).  As mentioned above, Plaintiff has since informed the Court that "the Forsyth Sheriff ha[s] served the process upon Defendant Lane Limited by serving [R. J. Reynolds Tobacco Company]" on February 10, 2009.  (Mar. 20, 2009 Am. Notice at 1.)

Also before the Court are Plaintiff's additional motions for leave to proceed IFP and a request for the U.S. Marshal to serve the processes upon Defendants B&W and LL.  The Court has previously denied Plaintiff's motion to proceed IFP pursuant to 28 U.S.C. § 1915(g).  (Nov. 10, 2008 Order at 7.)  Plaintiff was responsible for effecting service on Defendants B&W and LL as well as on the remaining prison officials who were named as Defendants because his IFP application had been denied.  (Id. at 8.)  Accordingly, Plaintiff's additional motions for leave to proceed IFP (docket nos. 60, 79, 80) and his motion requesting the U.S. Marshal to serve the summons and complaint upon Defendants B&W and LL (docket no. 79) are DENIED.

### C.   Defendants B&W's and LL's Reply

In their reply to the opposition, Defendants B&W and LL argue that Plaintiff's attempt to "re-serve" Defendant B&W is untimely because R. J. Reynolds Tobacco Company received the state summons and complaint addressed to Defendant B&W six days after the December 10, 2008 deadline to complete service set by the Court.  (Jan. 5, 2009 Mot. to Dismiss at 4.)  Further, R. J. Reynolds Tobacco Company received the state summons and complaint addressed to Defendant LL on February 10, 2009, two months after the deadline.  (Mar. 23, 2009 Reply at 3.)  Even if his attempts were timely, Defendants B&W and LL allege that Plaintiff's attempts at service constituted a "nullity" because he sought to serve R. J. Reynolds Tobacco Company -- a non-party to this action -- with a copy of the original state court summons and the original complaint.  (Jan. 5, 2009 Mot. to Dismiss at 4 (citing Lazarus Decl. ¶¶ 2-3).)  Defendants B&W and LL assert that they are corporations separate and distinct from R. J. Reynolds Tobacco Company, stating:

> R. J. Reynolds Tobacco Company is a North Carolina corporation with its principal place of business in North Carolina.  Brown and Williamson is, and has always been, a corporation separate from R. J. Reynolds Tobacco Company; it is incorporated in

13

**United States District Court**
For the Northern District of California

another state and it has its principal place of business outside North Carolina.  Similarly
Lane Limited is, and has always been, a corporation separate from R. J. Reynolds
Tobacco Company; it is incorporated in another state and it has its principal place of
business outside North Carolina.

(Mar. 23, 2009 Reply at 5.)

 **D.** <u>Analysis</u>

 In its November 10, 2008 Order, the Court has already determined that the record showed
that Plaintiff's past attempts to serve Defendants B&W and LL were defective; therefore, these
Defendants had not been "properly served."  (Nov. 10, 2008 Order at 3.)  Nowhere in his opposition
does Plaintiff dispute that his past service attempts were defective.  Rather, Plaintiff claims that he
has "sufficiently served Defendant B&W by serving the company corporation that had merged with
Defendant B&W, the R. J. [Reynolds Tobacco Company], and its agent Keith Lazarus by the
Forsyth Sheriff."  (Mar. 10, 2009 Opp'n at 4.)  He also renewed his request for an extension of time
to serve Defendant LL.

 This action has been pending for more than three years.  The Court has previously explained
to Plaintiff in great detail the proper ways to effect service and has granted him extended
opportunities to do so.  All of the defects which Defendants B&W and LL previously raised have
been addressed by the Court in its March 30, 2007 and November 10, 2008 Orders, along with the
means to cure them.  Plaintiff claims that he has "sufficiently" served Defendant B&W by mailing
the original state summons and complaint to R. J. Reynolds Tobacco Company.  (Mar. 10, 2009
Opp'n at 4.)  He has attempted to serve Defendant LL in the same manner.  However, Defendants
B&W and LL argue Plaintiff's attempts to serve them are untimely by six days as to Defendant
B&W and by a longer period of almost two months as to Defendant LL.  The Court finds Plaintiff's
attempts to serve Defendants B&W and LL are untimely based on the December 10, 2008 deadline
set in its November 10, 2008 Order; therefore, Defendants B&W and LL motion to dismiss the
claim against them pursuant to Federal Rule of Civil Procedure 41(b) is GRANTED.

 Even if Plaintiff's attempts were timely, the Court finds that his attempts to "re-serve"
Defendants B&W and LL are also defective.  First, Defendants B&W and LL assert that R. J.
Reynolds Tobacco Company is a corporation separate from them.  (Mar. 23, 2009 Reply at 5.)

14

**United States District Court**
For the Northern District of California

1   However, even if Plaintiff could show that R. J. Tobacco Company was Defendants B&W's and

2   LL's successor or agent, his attempts to serve them by sending a state summons and complaint to R.

3   J. Reynolds Tobacco Company are not proper.  First, the state summons do not comply with the

4   requirements of Federal Rule of Civil Procedure 4(a) because the name of the issuing Court is not

5   identified in the summons and the seal of the Clerk does not appear anywhere on the summons.

6   (Lazarus Decl., Ex. A; Clemo Decl., Ex. A.)  Further, Plaintiff attempted to serve Defendants B&W

7   and LL with the state complaint instead of the amended federal complaint.  Therefore, dismissal is

8   still appropriate pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) because Plaintiff

9   failed to abide by the appropriate procedures for both service of process and contents of the process

10   in his attempts to "re-serve" Defendants B&W and LL.

11         In sum, although Plaintiff has made attempts to serve and "re-serve" Defendants B&W and

12   LL, he has failed to do so properly.  This failure cannot be attributed to a lack of adequate time to

13   gather relevant discovery or to a lack of access to information about federal service requirements,

14   because the Court itself has provided both to Plaintiff.  Plaintiff initiated this action, and he is

15   responsible for prosecuting it.  Defendants B&W and LL were entitled to be served within 120 days

16   of the date the complaint was filed.  The Court has already used its discretion to grant Plaintiff an

17   extension of time to properly serve Defendants B&W and LL.  (Mar. 30, 2007 Order at 3 (citing

18   Fed. R. Civ. P. 4(m)).)  It has been almost two years since the amended complaint was filed and

19   more than three years have passed since Plaintiff filed the original complaint in state court.  No

20   further opportunities to perfect service will be granted.  See Efaw, 473 F.3d at 1040-41.  Therefore,

21   Defendants B&W's and LL's motion to dismiss based on alternative grounds of insufficiency of

22   process and service of process pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) is

23   also GRANTED.

24         Accordingly, Defendants B&W's and LL's motion to dismiss (docket no. 57) is GRANTED.

25   Plaintiff's claim for product liability against Defendants B&W and LL is DISMISSED from this

26   action pursuant to Federal Rules of Civil Procedure 41(b), 12(b)(4) and 12(b)(5).

27   **II.      Plaintiff's Motion for Reconsideration of the Court's Dismissal of His Amended Claims**

28

15

**United States District Court**
For the Northern District of California

1    Plaintiff has filed a "Motion for Reconsideration of the Court's January 23, 2009 [sic][6] Order

2    Dismissing Deliberate Indifference, Supervisory Liability Claims" (docket no. 76).

3    In the Northern District of California, Local Rule 7-9 allows for the filing of motions for

4    reconsideration only with respect to interlocutory orders made in a case prior to the entry of final

5    judgment.  Civil L.R. 7-9(a).  No pre-judgment motion for reconsideration under Local Rule 7-9

6    may be brought without leave of court.  Id.  The moving party must specifically show: (1) that at the

7    time of the motion for leave, a material difference in fact or law exists from that which was

8    presented to the court before entry of the interlocutory order for which the reconsideration is sought,

9    and that in the exercise of reasonable diligence the party applying for reconsideration did not know

10   such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or

11   a change of law occurring after the time of such order; or (3) a manifest failure by the court to

12   consider material facts which were presented to the court before such interlocutory order.  Civil L.R.

13   7-9(b).  Unless otherwise ordered by the court, no response need be filed to a motion under the

14   Local Rule.  Civil L.R. 7-9(c).

15   In its January 22, 2009 Order, the Court reviewed Plaintiff's amendment to the complaint,

16   which included his amended deliberate indifference and supervisory liability claims.  The Court

17   concluded that Plaintiff's allegations failed to show:  (1) that he had a serious medical need; and

18   (2) that Defendants Beza, Schneider, Grillo and Gibbs knew of and disregarded an excessive risk to

19   inmate health or safety, stating:

20   > Plaintiff's allegations in his amendment to the complaint relating to the Eighth
21   > Amendment violation fails to cure the pleading deficiencies of his original deliberate
     > indifference claim.  He argues that the aforementioned Defendants "were informed of
22   > and aware of the facts of Assembly Bill No. 384 from which the inference could be
     > drawn that a substantial risk of tobacco smoking addiction by Plaintiff existed and that
23   > a smoking addition cessation program was needed by the plaintiff . . . ."  (Am. to
     > Compl. at 2.)  Even if such an inference could be made and Assembly Bill No. 384
24   > were violated, a violation of state law is not a cognizable claim for relief under § 1983.

25   > Moreover, contrary to Plaintiff's claim, Assembly Bill No. 384 does not require
     > smoking cessation programs.  Assembly Bill No. 384 states:

26

27   _____

     [6]  The Court notes that the Order was signed on January 22, 2009 and entered into the
28   Court's docket on January 23, 2009; therefore, the Court will refer it as the January 22, 2009
     Order.

1

2

3

4

> This bill would prohibit the possession or use of tobacco products by inmates and wards under the jurisdiction of the Department of Corrections and the Department of the Youth Authority. It would require the directors of these departments to adopt regulations to implement this prohibition, and would require that these regulations include an exemption for departmentally approved religious ceremonies.

5

6

7

2004 Cal. Stat. c. 798 (A.B. 384). Thus, it requires prison officials to "adopt regulations to implement" the prohibition of the possession and use of tobacco products by inmates. Id. Therefore, the Court finds unavailing Plaintiff's argument that Assembly Bill No. 384 requires a smoking cessation program.

8

9

10

11

12

13

14

15

> Equally unavailing is Plaintiff's argument that Defendant Grillo's and Gibb's "medical diagnosis of Plaintiff on December 27, 2004" amounted to deliberate indifference. Plaintiff alleges that Defendant Grillo and Gibbs "wrote a medical report listing the physical damages . . . that plaintiff's tobacco smoking has caused," but that they "continued to allow the plaintiff to smoke tobacco and to be addicted to smoking tobacco." (Am. to Compl. at 3.) Plaintiff claims Defendants Grillo and Gibbs treated him and after they made their "medical diagnosis," they "continued to allow [him] to smoke tobacco and to be addicted to smoking tobacco . . . ." (Id.) Plaintiff argues that Defendants Grillo and Gibbs should have offered him a smoking cessation program. However, the Court finds that Plaintiff does not have a constitutional right to a smoking cessation program. Furthermore, "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Id. Here, Plaintiff allegations amount to a difference of medical opinion as to the need to pursue one course of treatment over another, which is insufficient, as a matter of law, to establish deliberate indifference. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

16

(Jan. 23, 2009 Order at 4-5.) Therefore, the Court determined that Plaintiff's allegations in his

17

amendment to the complaint did not amount to deliberate indifference to his serious medical needs

18

against the aforementioned defendants. At most, the Court found that his allegations amount to

19

negligence, which is not constitutionally cognizable. Accordingly, the deliberate indifference claim

20

against Defendants Beza, Schneider, Grillo and Gibbs was dismissed without further leave to

21

amend.

22

The Court also concluded that nothing in the amendment to the complaint was sufficient to

23

overcome the deficiency of his supervisory liability claim against Defendants Woodford and Evans,

24

which gave rise to the dismissal with leave to amend, stating:

25

> In the amendment, Plaintiff states that Defendants Woodford and Evans:

26

27

28

> were deliberately indifferent to the plaintiff's serious medical needs by failing to supervise or create a smoking cessation program for the plaintiff pursuant to Assembly Bill No. 384, when defendants Woodford and Evans were aware of facts by Assembly Bill No. 384 from which the inference could be drawn that a substantial risk of serious harm of

**United States District Court**
For the Northern District of California

17

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

tobacco smoking addiction exists from the selling of smoking tobacco to the plaintiff.

(Am. to Compl. at 5.)

Plaintiff claims that because Defendant Woodford is the Director of the California Department of Corrections and Rehabilitation and because Defendant Evans was a former SVSP Warden, they should be liable for the alleged "fail[ure] to provide and supervise the creation and supervision of a tobacco smoking cessation program for the plaintiff" at SVSP.  (Id.)  This is a respondeat superior claim, that is, Plaintiff seeks to hold Defendants Woodford and Evans liable because they are the supervisors of the persons Plaintiff contends violated his rights.  This is, however, not a proper basis for liability under 42 U.S.C. § 1983.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

(Jan. 23, 2009 Order at 5-6 (footnote omitted).)  Accordingly, the supervisory liability claim against Defendants Woodford and Evans was dismissed without further leave to amend.  The Court then determined that Defendants B&W and LL were the "only remaining Defendants in this case."  (Id.)  Thus, the Court's January 22, 2009 Order resulted in the dismissal of all claims against Defendants Beza, Schneider, Grillo, Gibbs, Woodford and Evans.

The Court finds that the requirements for leave to file a motion for reconsideration are not satisfied as to the dismissal of Plaintiff's federal claims of deliberate indifference and supervisory liability.  Plaintiff now claims that he "misconstrued Assembly Bill No. 384 with the 'Message from the Warden' that Defendant Evans had created, and also with the 'Notice of Tobacco Ban' and the 'Memorandum' that Defendant Woodford created."  (Feb. 23, 2009 Mot. for Recons. at 4.)  He argues that this allegation links Defendants Evans and Woodford to the alleged failure to create a smoking cessation program at SVSP.  The Court still finds that Plaintiff fails to state a cognizable supervisory liability claim because he does not have a constitutional right to a smoking cessation program.  Reconsideration is not warranted as to the dismissal of the federal claims because Plaintiff has not established that there is a material difference in fact or law that exists now as opposed to before, nor has he alleged any new material facts or changes in the law, nor demonstrated a failure of this Court to consider material facts.  See Civil L.R. 7-9(b).

However, Plaintiff further contends that the Court was mistaken in dismissing all claims against Defendants Beza, Schneider, Grillo and Gibbs because some state claims remain, stating:

The cause of action for "negligence" may not be constitutionally cognizable or give rise to a § 1983 claim, but the plaintiff's original case was removed from the State

18

**United States District Court**
For the Northern District of California

1

Superior Court to the Federal District Court while the plaintiff never alleged or made a federal claim of "deliberate indifference" against the defendants in this case at hand, but did, in fact, make a state claim of "negligence," which the plaintiff claims . . . he can prove against defendants in State Superior Court . . . .

2

3

(Feb. 23, 2009 Mot. for Recons. at 2.)

4

5      In the Court's November 10, 2008 Order, the Court acknowledged that Plaintiff alleged state

6  law claims in the instant action, stating:

7

In addition to the federal claims discussed above, Plaintiff asserts state law claims against Defendants.  Because his state law claims arise out of the same acts and events giving rise to his federal claims, the Court will exercise supplemental jurisdiction over the claims.  See 28 U.S.C. § 1367(a).

8

9

Plaintiff alleges that he is entitled to relief under California state law for Defendants' actions.  He asserts supplementary state law claims that the named Defendants' actions constituted general negligence, intentional torts, intentional infliction of emotional distress, medical negligence, conspiracy, intentional fraud, and intentional misrepresentation.  For reasons of judicial economy, however, review and service of these claims will be held until Plaintiff files an amended complaint, as directed above.  If Plaintiff fails to timely amend his complaint or if the amended claims are dismissed after review, these state law claims will be remanded back to state court.

10

11

12

13

14  (Nov. 10, 2008 Order at 11.)

15      Accordingly, in light of Plaintiff's allegations regarding the remaining state law claims in

16  this action, Plaintiff's motion for leave to file a motion for reconsideration of the Court's January 22,

17  2009 Order is GRANTED in part as to the dismissal of the state law claims and DENIED in part as

18  to the dismissal of the federal claims.  The Court has already considered Plaintiff's allegations in his

19  February 23, 2009 "Motion for Reconsideration of the Court's January 23, 2009 [sic] Order

20  Dismissing Deliberate Indifference, Supervisory Liability Claims;" therefore, he need not file a

21  separate motion for reconsideration pertaining to the state law claims.  For the reasons stated above,

22  the Court VACATES in part its January 22, 2009 Order only as to the dismissal of the state law

23  claims against the prison officials named as Defendants.

24      As mentioned above, the product liability claim against Defendants B&W, LL and Access as

25  well as the § 1983 claims against the remaining prison officials named as Defendants have been

26  dismissed.  The Court has also determined that reconsideration is not warranted as to the Court's

27  determination that Plaintiff failed to state a constitutionally cognizable deliberate indifference and

28  supervisory liability claims as a matter of law and that leave to amend would be futile.  With the

dismissal of the aforementioned federal claims, there remains for adjudication several state law claims pled in the amended complaint.  The Court declines to exercise supplemental jurisdiction over the remaining state law claims now that the federal question claims have been dismissed.  <u>See</u> 28 U.S.C. § 1367(c)(3).  Plaintiff ought to be allowed to litigate his state law claims in state court where he first asserted those claims.  This case therefore will be remanded to state court.[7]  <u>See</u> <u>Swett v. Schenk</u>, 792 F.2d 1447, 1450 (9th Cir. 1986) ("it is within the district court's discretion, once the basis for removal jurisdiction is dropped, whether to hear the rest of the action or remand it to the state court from which it was removed"); <u>Plute v. Roadway Package System, Inc.</u>, 141 F. Supp. 2d 1005, 1007 (N.D. Cal. 2001) (court may remand <u>sua sponte</u> or on motion of a party).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.      Defendants B&W's and LL's motion to dismiss is GRANTED (docket no. 57).  The claim for product liability against Defendants B&W and LL is DISMISSED from this action.

2.      Plaintiff's "Amended Motion for Reconsideration of the Court's February 13, 2009 Order Denying Plaintiff's Motion for Extension of Time to Effect Service of Summons and Complaint on Defendant Lane Limited" (docket no. 83), construed as a renewed request for an extension of time to serve Defendant LL, is DENIED.

3.      Plaintiff's additional motions for leave to proceed IFP (docket nos. 60, 79, 80) and his motion requesting the U.S. Marshal to serve the summons and complaint upon Defendants B&W and LL (docket no. 79) are DENIED.

4.      Plaintiff's "Motion for Reconsideration of the Court's January 23, 2009 [sic] Order Dismissing Deliberate Indifference, Supervisory Liability Claims" (docket no. 76) is GRANTED in part as to the dismissed state law claims and DENIED in part as to the dismissed federal law claims. The Court VACATES in part its January 22, 2009 Order (docket no. 63) only as to the dismissal of the state law claims against the prison officials named as Defendants.

---

[7]  Because no federal claims remain and this case is being remanded to state court, the Court need not address whether Plaintiff has properly served the prison officials who were named as Defendants, as he was directed to do so in the Court's November 10, 2008 Order.

**United States District Court**
For the Northern District of California

5.      The Court declines to exercise supplemental jurisdiction over the remaining state law claims now that the federal question claims have been dismissed.  See 28 U.S.C. § 1367(c)(3). Therefore, this action is remanded to the Monterey County Superior Court for such other and further proceedings as that court deems proper.

6.      The Clerk shall close the file and send the necessary materials to the Monterey County Superior Court for the remand.

7.      The Clerk shall terminate all remaining pending motions as moot in light of the remand to state court, including Defendant Access's Motion for Entry of Judgment (docket no. 47).

8.      This Order terminates Docket nos. 47, 57, 60, 76, 79, 80 and 83.

IT IS SO ORDERED.

DATED: March 31, 2009

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

United States District Court
For the Northern District of California

P:\PRO-SE\SBA\CR.06\Moore2150.grantMTD&ADDpendingMOTS.wpd   21